LEFEVRE *v.* ROBERTS.

1. MOTOR VEHICLES—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT.
   Whether truck driver was guilty of contributory negligence in proceeding to cross trunk line highway in front of approaching automobile 400 feet away, was question for jury, although he made no further observation of the automobile after starting across.

2. Same—Right of Way—Driver Having Right of Way Must
    Nevertheless Approach Crossing With Reasonable Prudence.
    Although automobile driver on trunk line highway has right of
        way, he is bound to exercise precaution commensurate with
        reasonable prudence in approaching intersection with cross
        road.

Error to Macomb; McPeek (Russell R.), J., presiding. Submitted April 10, 1930. (Docket No. 54, Calendar No. 34,888.) Decided June 2, 1930.

Case by Albert A. Lefevre against A. R. Roberts for damages arising out of an automobile collision. Defendant brings case against plaintiff by cross-declaration for similar damages. From verdict and judgment for defendant, plaintiff brings error. Reversed, and new trial granted.

*Vandeveer & Vandeveer* and *Lungerhausen, Weeks, Lungerhausen & Neale,* for plaintiff.

*Bert V. Nunneley, Douglas W. Ball,* and *John H. Nunneley,* for defendant.

Wiest, C. J. On Washington's birthday, 1927, near the noon hour, a truck and an automobile collided at the intersection of Gratiot and New Haven roads in Macomb county. The owner of the truck brought suit against the auto driver, and the auto driver countered with cross-suit against the truck owner. At the trial of such issues, the court held the truck driver guilty of negligence as a matter of law, and the automobile driver was awarded damages by the jury. Plaintiff, the truck owner, reviews the ruling finding his driver guilty of negligence, and also the verdict rendered in favor of defendant upon his cross-action, claiming that the negligence of plaintiff's driver was, under the evi-

dence, a question of fact for the jury; that his cause of action should have been submitted to the jury; that the court should have directed a verdict against the defendant upon his cross-action; that it was prejudicial error to send plaintiff to the jury upon defendant's cross-action, after holding plaintiff's driver guilty of negligence, and that it was error to grant counsel for defendant the opening and closing argument to the jury. If the court was in error in holding plaintiff's driver guilty of negligence as a matter of law, the judgment must be reversed, and we need not consider other questions. Plaintiff's driver, with a truck load of milk, stopped on the New Haven road about ten feet from the cement approach leading to the pavement on Gratiot road (a trunk highway), and observed defendant's automobile on Gratiot road approaching the intersection. Noting that defendant was 400 or more feet away from the intersection, he started to cross and claimed that upon the crossing, while proceeding at a speed of about three miles per hour, defendant's automobile struck the truck near the rear and bumped it into the ditch. The truck driver, after starting his car across, made no further observation of the approaching automobile. Defendant claimed that when he was about 70 feet from the intersection, he was first able to see and did see the truck, that the pavement was slippery, he was traveling about 35 miles per hour, and at that speed, considering the condition of the pavement, he could not stop short of 100 feet, and, therefore, accelerated his speed to pass ahead of the truck, but the truck struck his automobile, and he went into the ditch. If the automobile was 400 feet from the intersection when the driver of the truck started to cross (and upon this we must accept the truck

driver's testimony), then it cannot be said as a matter of law that he was guilty of negligence, even though he made no further observation of the oncoming auto. Whether the truck driver was negligent in fact was an issue for the jury. Defendant, being upon the trunk highway, had the right of way, and plaintiff's driver was bound to give reasonable recognition to such right, but defendant was also bound to exercise precaution commensurate with reasonable prudence. The question is close, little help is afforded by cases, with their varying facts, and the doubt should be solved by verdict of a jury. The court was in error in holding plaintiff's driver guilty of negligence as a matter of law. Plaintiff has a right to go to a jury, in his action, upon the question of whether his driver was guilty of negligence. It is no answer to say that, upon the trial of defendant's cross-action, in order to award damages, the jury had to find plaintiff's truck driver guilty of negligence and defendant free from contributory negligence. The judgment is reversed, and a new trial granted, with costs to plaintiff.

Butzel, Clark, McDonald, Potter, Sharpe, North, and Fead, JJ., concurred.