HENRY *v.* SANDERSON.

1. APPEAL AND ERROR—CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT.

In determining whether there was error in trial court's refusal to direct verdict in favor of defendant, in action for personal injuries arising out of automobile collision, on ground that plaintiff was guilty of contributory negligence, Supreme Court must accept version of all controverted facts which is most favorable to plaintiff.

2. MOTOR VEHICLES—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

Automobile driver attempting to cross trunk-line highway at intersection is not bound to anticipate that automobile approaching thereon will be operated in negligent manner, but is entitled to assume that it will be operated in lawful manner unless he has knowledge to contrary, or by exercise of reasonable care would have had knowledge to contrary.

As to rights and duties at intersection of arterial (or other favored) highway and nonfavored highway, see annotation in 58 A. L. R. 1197, 1201.

3. SAME—TRUNK-LINE HIGHWAY INTERSECTION—FAILURE TO STOP—
CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT.

Automobile driver was not guilty of contributory negligence as
matter of law for failing to bring his car to full stop before
attempting to cross trunk-line highway at intersection, where
he slowed down and looked in direction from which another
car was approaching, but failed to see it by reason of ob-
structions and fact that it was being driven at excessive speed
in middle or on left-hand side of road instead of on right-hand
side as required by statute (1 Comp. Laws 1929, §§ 4703,
4713[e]).

Appeal from Branch; Jacobs (Theo T.), J. Sub-
mitted October 25, 1932. (Docket No. 216, Calendar
No. 36,722.) Decided December 6, 1932.

Case by Marshall Henry against Ralph Sander-
son for personal injuries sustained in an auto-
mobile collision at a highway intersection. Verdict
and judgment for plaintiff. Defendant appeals.
Affirmed.

*Frank E. Knapp,* for plaintiff.

*Stanley E. Weage* (*Wm. C. Searl,* of counsel), for
defendant.

NORTH, J. This case arises out of an automobile
accident which occurred at the intersection of two
highways. Plaintiff had judgment, and the sole
question presented for review is appellant's claim
that the trial court should have directed a verdict
against plaintiff on the ground that he was guilty
of contributory negligence as a matter of law.

Both the question of defendant's negligence and
plaintiff's contributory negligence were submitted
to the jury. In appellant's brief his negligence is
admitted. In reviewing the question presented, we
must accept the version of all controverted facts

which is most favorable to appellee. At the time of
the accident, August 23, 1930, he was a man 58
years of age. He had driven motor vehicles for
13 years, and to some extent he was familiar with
the intersection of the so-called town-line road and
State trunk line highway No. 49, where the accident
occurred in the forenoon of the day noted. The
town-line road was a gravel highway, as was also
trunk line No. 49, the latter at this point being 24
feet in width, and being a preferred highway.
Plaintiff approached the intersection from a west-
erly direction. At a point 28 feet west of the west
line of the graveled portion of the trunk line there
was a "stop" sign. Defendant was approaching
the intersection from the south, driving at a rate of
more than 50 miles per hour. When opposite the
stop sign plaintiff shifted into first gear and pro-
ceeded at a speed of seven or eight miles per hour
towards the trunk-line road. Because of an un-
usually obstructed view to the south, this intersec-
tion is obviously a dangerous corner. When op-
posite the sign plaintiff could see at most only a
distance of two or three rods down the easterly side
of the highway on which defendant was approaching.
He made such an observation, and while proceed-
ing slowly toward the trunk-line road he looked to
the north and then again just as he was practically
at the west line of the gravel he looked to the south
on the trunk-line road. From this point he had a
view which extended 10 or 12 rods down the easterly
side of the trunk line. He could not see as far
down the middle or westerly side of this highway.
His limited view was due to the fact that vision in
the direction from which defendant was coming was
obstructed by an embankment at or near the south-
westerly corner of this intersection more than five

feet in height above the center of the road, by a row of evergreen trees on the westerly side of highway No. 49 on which trees there were drooping limbs and under which there was a growth of grass and weeds. Visibility to the south was further impaired by the fact that there was a down grade in that direction on No. 49. At his last point of observation before entering upon the traveled portion of trunk-line No. 49 plaintiff was able to make a diagonal view in a southeasterly direction to a point 10 or 12 rods down the easterly side of the highway. Both he and his wife, who accompanied him, made such observation and saw no vehicle approaching. There was testimony supporting plaintiff's theory that defendant, as he approached this intersection, was driving on his left-hand side or in the middle of the highway instead of on his right-hand side as required by statute (1 Comp. Laws 1929, § 4703); that he was driving at an excessive rate of speed without having his car under control; and further, that he was not keeping a proper lookout. In this connection, defendant testified he did not see plaintiff until he was within 10 or 12 feet of him, and further, ''I did not see him before because it was not my place to see him.'' Also, that defendant believed he had a right to pass over this intersection ''Just as fast as I was a mind to.'' After making the southerly observation at the westerly edge of the traveled portion of the trunk line, plaintiff proceeded at the rate of seven or eight miles per hour, looking in the direction he was going, and before he made another observation in a southerly direction his automobile was struck by that of the defendant at or near the middle of the intersection. The first plaintiff knew of defendant's approach was when the latter was 30 to 50 feet

distant from plaintiff's machine and plaintiff's wife called his attention thereto.

In asserting plaintiff's contributory negligence defendant stresses the fact that the undisputed proof shows plaintiff did not bring his automobile to a full stop before attempting to cross the trunk-line highway. Notwithstanding this fact, under the circumstances of this case, it cannot be said that because of his failure to come to a full stop plaintiff was guilty of negligence as a matter of law. A different situation would be presented if plaintiff had observed a vehicle simultaneously approaching the intersection and had failed to come to a full stop. The provision of the statute (1 Comp. Laws 1929, § 4713, subd. [e]) is:

"All vehicles approaching the intersection of a State trunk line highway, outside of any city or village having local regulations, shall come to a full stop whenever a vehicle is approaching the intersecting highway and shall reduce speed to a maximum of ten miles per hour at all other times before entering or crossing such highway."

If, as we must accept the fact to be under plaintiff's testimony, defendant by reason of his approaching this intersection on the wrong side of the trunk-line road prevented plaintiff from observing his approach, defendant cannot charge plaintiff with contributory negligence as a matter of law because of his failure to observe defendant's oncoming car. Plaintiff was not bound to anticipate that defendant would operate his automobile in a negligent manner. Instead, plaintiff was entitled to assume that any other person on the highway would be proceeding in a lawful manner until plaintiff had knowledge to the contrary or by the exercise of

reasonable care would have had knowledge or notice to the contrary. At most, under the circumstances of this record, plaintiff's contributory negligence was a question of fact for the jury, and it was so submitted. This case is within and controlled by the principles of law announced in *Pline* v. *Parsons,* 231 Mich. 466; *Kiefer* v. *Fink,* 236 Mich. 274; *Lefevre* v. *Roberts,* 250 Mich. 675, and *Swainston* v. *Kennedy,* 253 Mich. 518.

Judgment is affirmed, with costs to appellee.

Clark, C. J., and McDonald, Potter, Sharpe, Fead, Wiest, and Butzel, JJ., concurred.