KOK *v.* LATTIN.

MOTOR VEHICLES—CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT.

Where, in action for damages resulting from automobile collision, evidence shows that plaintiff, approaching intersection, had clear view for half a mile, and, had he looked, would have seen car approaching on intersecting highway and could have avoided collision, he was guilty of contributory negligence as matter of law, notwithstanding his testimony that he did look and saw no car approaching, and therefore trial court properly directed verdict in favor of defendant.

Appeal from Oceana; Pugsley (Earl C.), J. Submitted October 11, 1932. (Docket No. 12, Calendar No. 36,612.) Decided January 3, 1933.

Case by Benjamin Kok against Edson Lattin for personal injuries sustained in an automobile colli-

On right of way at street or highway intersections, see annotation in 21 A. L. R. 974; 37 A. L. R. 493; 47 A. L. R. 595.

sion, alleged to be due to defendant's negligence. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Leo W. Hoffman, Clare E. Hoffman,* and *Carl E. Hoffman,* for plaintiff.

*Fred E. Wetmore (Mason, Alexander, McCaslin, Cholette & Mitts,* of counsel), for defendant.

McDONALD, C. J.   This action was brought to recover damages for personal injuries sustained by the plaintiff in an automobile collision at the intersection of two county highways.   At the conclusion of the plaintiff's proofs, the trial court directed a verdict in favor of the defendant on the ground that the plaintiff was guilty of contributory negligence as a matter of law.   To review the judgment entered, the plaintiff has appealed.

The material facts are undisputed.   The two roads are of gravel construction.   They intersect at approximately right angles.   On both roads at about 640 feet from the intersection is the usual sign, marked "cross road."   The plaintiff approached the intersection from the east.   The defendant was coming from the south.   They reached the intersection about the same time.   Neither saw the other until they were about six feet apart, too late to avoid a collision.   As the plaintiff's car approached the intersection it was traveling at a speed of 40 miles an hour.   As it entered the intersection it slowed down to 20 miles an hour.   The defendant's car approached at a speed of 40 miles an hour and did not slow down as it entered the intersection. For half a mile back both drivers had a clear and unobstructed view of the intersection.   Had the defendant looked he could have seen the plaintiff be-

fore and when he entered the intersection. Had the plaintiff looked he would have seen the defendant in time to have avoided the collision. He testified that he did look and saw no car approaching. His testimony in this respect is contrary to the physical facts. As his view was unobstructed and the defendant's car was there in plain sight, it must be held that he did not look. If he had looked, he would have seen what was there to be seen. The two cars reached the intersection at about the same time. If either had looked, he could have avoided the accident. Failure to look was negligence. The undisputed material facts left no question for the jury. The trial court correctly ruled that, as a matter of law, there could be no recovery.

The judgment is affirmed, with costs to the defendant.

CLARK, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.