LINDZY v. SWAAB.

1. MOTOR VEHICLES—CONTRIBUTORY NEGLIGENCE.
In action for personal injuries received in automobile collision at highway intersection, finding of jury that plaintiff was not guilty of contributory negligence, *held*, supported by evidence.

2. SAME—NEGLIGENCE—THROUGH HIGHWAY—RIGHT OF WAY.
If automobile driver came over hill 372 feet from intersection, and, with view thereof, drove his car at rate of 35 or 40 miles per hour in middle of highway into collision with another automobile which had stopped before proceeding to cross intersection, he was guilty of negligence notwithstanding he was on through highway and had right of way.

Appeal from Alcona; Dehnke (Herman), J.  Submitted April 21, 1933.  (Docket No. 120, Calendar No. 37,190.)  Decided May 16, 1933.

Case by Marie Lindzy against Morris Swaab for personal injuries sustained in an automobile accident at a highway intersection, alleged to be due to defendant's negligence.  Verdict and judgment for plaintiff.  Defendant appeals.  Affirmed.

*Frank A. Picard,* for plaintiff.

*Mason, Alexander & McCaslin (H. Monroe Stanton,* of counsel), for defendant.

WIEST, J.  The afternoon of June 13, 1931, two automobiles collided at the intersection of U. S. highway 23 and Packard road in the county of Washtenaw.  U. S. highway 23 is a through traffic way with cement roadbed.  Packard road is a stop highway, with a gravel roadbed and with cement approaches at the intersection.  Plaintiff was driving east on Packard road, and defendant south on U. S. 23.  The collision was about at the center of the intersection, and plaintiff's automobile was pushed nearly 100 feet south on U. S. 23.

When plaintiff reached the cement approach, she claims that she stopped her car and looked both ways for traffic on U. S. 23, and no car to the north was in sight.  At that point she had a view of 372 feet in the direction from which defendant's car came, and claims that no car was in sight and farther view was cut off by a hill, over which U. S. 23 passes.  She claims that defendant came over the hill and down the center of U. S. 23, and collided

with her car just as she had passed the center of the intersection. At the intersection the cement roadbed of U. S. 23 is 40 feet in width.

In behalf of defendant, it is contended that the court was in error in refusing to hold plaintiff guilty of contributory negligence as a matter of law. The jury found plaintiff not guilty of contributory negligence in fact, and there was evidence supporting the finding. The question was one of fact for the jury, and the court was not in error in so holding. *Lefevre* v. *Roberts,* 250 Mich. 675.

If defendant came over the hill while plaintiff was crossing the intersection, he had a view of the situation, and, if he drove at 35 or 40 miles per hour in the center of the road into collision with plaintiff's car, he was guilty of negligence. The jury evidently so found, and an examination of the record does not disclose a verdict against the weight of the evidence.

We find no reversible error, and the judgment is affirmed, with costs to plaintiff.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.