PARKER v. ENGLAND.

1. APPEAL AND ERROR—GREAT WEIGHT OF EVIDENCE—CONTRIBUTORY
NEGLIGENCE.

No claim being made that verdict for plaintiff was against the
great weight of the evidence Supreme Court must consider
facts as to contributory negligence in light most favorable to
him.

2. MOTOR VEHICLES—CONTRIBUTORY NEGLIGENCE—CROSSING THROUGH
HIGHWAY.

Issue of fact upon contributory negligence of automobile driver
was presented where he stopped on intersecting highway 27 feet
from center of through highway, looked both ways, saw no one
approaching from right within view of 365 feet, and while
crossing in low gear observed defendants' car approaching at
speed of 60 miles an hour and was struck by it after stopping
to let it pass.

3. DAMAGES—EXCESSIVE VERDICT.

Verdict of $5,000 to 68-year old man who suffered damage to car,
personal injuries involving loss of left eye, permanent scars
about face and head, pain and suffering for a considerable
time, and about five months elapsed before he was able to do
anything, held, not excessive.

Appeal from Kent; Perkins (Willis B.), J.  Sub-
mitted January 3, 1934.  (Docket No. 33, Calendar
No. 37,524.)  Decided April 3, 1934.

Case by Daniel Parker against Oscar England and
William Rexford for personal injuries sustained
in an automobile accident at a highway intersection
alleged to be due to the negligence of defendant Rex-
ford.  Verdict and judgment for plaintiff.  Defend-
ants appeal.  Affirmed.

*Linsey, Shivel & Phelps,* for plaintiff.

*Dunham & Sherk,* for defendants.

NELSON SHARPE, C. J.  On June 14, 1932, there
was a collision between an automobile driven by the

plaintiff and one owned by the defendant England and driven by the defendant Rexford at a highway intersection in the township of Sparta, in the county of Kent. Rexford was driving in a northerly direction on a main-traveled or through highway, so designated under 1 Comp. Laws 1929, § 4715, called the Walker road, and the plaintiff was proceeding easterly on a road which crossed it at right angles, referred to as the County road. A "stop sign" thereon warned him of his duty relative thereto. As a result of the collision, plaintiff was somewhat seriously injured and his car wrecked.

This action is brought to recover his damages incident thereto. He had verdict and judgment for $5,000, from which the defendants, after denial of their motion for a new trial, have taken this appeal.

1. *Contributory negligence.* It is urged that the negligence of the plaintiff contributed to his injury, and bars his right of recovery. No claim is made that the verdict is against the great weight of the evidence. We must therefore consider the facts in the light most favorable to the plaintiff's right to recover. He testified that when he approached the intersection he stopped his car 27 feet to the west of the center of the Walker road; that he then looked both ways; that his view to the south was somewhat obstructed because of apple trees, but, according to measurements he afterwards made, he could see down it 365 feet, a little farther on the east side than on the west on account of the trees; that he saw no vehicle approaching, put his car in low gear and started to cross; that when near the center of the road he looked to the south and saw defendant's car approaching on the west side of the road and about 125 feet away; that he estimated its speed at 60 miles per hour; that it moved over towards

the east side of the road and he stopped his car to let it pass, and it ran into the right front wheel of his car and then on into the ditch and struck a tree 6 or 8 rods distant.

While there is always some difference in the facts testified to in this class of cases, those above set forth are so nearly similar to those appearing in our late case of *Adams* v. *Canfield,* 263 Mich. 666, as to justify a holding that an issue of fact upon the contributory negligence of the plaintiff was presented. See, also, *Lefevre* v. *Roberts,* 250 Mich. 675; *Henry* v. *Sanderson,* 260 Mich. 563; *Lindzy* v. *Swaab,* 263 Mich. 264.

2. *Error in charge.* Error is assigned upon the charge. Taken as a whole, it presented the issue of fact to the jury in language that could not have been misunderstood. The requested instructions were, we think, fairly covered therein.

3. *Excessive verdict.* It is also urged that the verdict was "grossly excessive." There is no dispute about the injuries plaintiff received. Dr. DeYoung, who cared for him in the hospital to which he was taken, testified that he was brought there in an ambulance; that he was then bleeding from a laceration over the left eye, and that "I took something like 28 or 30 stitches in the forehead and I continued to treat his wounds and discharged him about the 14th or 15th of July, about a month after he was injured. There are some scars on his head that probably will be permanent. I knew about his eye-ball being taken out and that operation was necessary."

Dr. Doran, who was called in by Dr. DeYoung to care for his eye, testified as to the wounds on his forehead, and that the condition of his left eye was

such that it had to be removed, and that a glass eye was put in its place.

The plaintiff testified that he "was bruised all over. There was four or five months I wasn't able to do anything. * * * While in the hospital I was under opiates but after I got home I suffered pain. I was lame and sore from then on. It was about five months before I could do anything."

His hospital and other expenses incident to his injury and the damage to his car amounted to about $275. The plaintiff was 68 years of age at the time of his injury. No claim is made that his earning ability has been lessened thereby. But he suffered pain for a considerable time, he has permanent scars upon his forehead, and his left eye has been removed and a glass one put in its place. The amount which will fairly compensate him therefor was fixed by the jury at $5,000 under instructions of which no complaint is made.

The trial court, who saw the plaintiff upon the witness stand and heard the doctors testify as to his injuries, in denying a motion for a new trial, based in part upon this claim, said:

"The verdict of the jury is not grossly excessive considering the nature of plaintiff's injuries and the permanency of the same. By reason of the collision upon which his suit is based, plaintiff lost his left eye. He also suffered other painful and permanent injuries and is permanently disfigured by reason of scars upon his face and head. In addition, he spent large sums of money for hospital, doctor bills, etc., and the automobile in which he was riding was a complete wreck.

"The verdict of the jury is not based upon sympathy and bias."

With the conclusion thus reached we feel impelled to agree. While this court may grant relief against

verdicts which are grossly excessive, we are not impressed, in view of the injuries plaintiff sustained and the expense and loss sustained by him incident thereto, that the verdict here rendered calls for such action on our part.

The judgment is affirmed.

Potter, North, Fead, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.