KENDALL *v.* BEAN.

AUTOMOBILES—CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT.

In action for damages arising out of collision between automobile on highway at a point where plaintiff had an unobstructed view in defendants' direction for about 1,850 feet and collision occurred as rear wheels of plaintiff's car, which he had turned to left in front of other car to enter his driveway, had nearly cleared pavement, plaintiff *held*, guilty of contributory negligence as matter of law, notwithstanding his claim he did look but did not see defendants' car approaching from opposite direction.

Appeal from Berrien; White (Charles E.), J. Submitted October 15, 1935. (Docket No. 76, Calendar No. 38,596.) Decided December 10, 1935.

Case by Vern Kendall against William Worth Bean and Charles Locicaro for personal injuries sustained in an automobile collision alleged to have been due to defendants' negligence. Verdict and judgment for plaintiff. Defendants appeal. Reversed, without a new trial.

*Willard J. Banyon* (*W. P. Harvey,* of counsel), for plaintiff.

*G. F. Classon* and *I. W. Riford,* for defendants.

Bushnell, J. The accident in question occurred about 5 p. m., October 25, 1933, one mile west of the village of Oshtemo. The day was bright and dry. US-12, at this point, runs east and west with wide gravel shoulders and has a 20-foot concrete pavement, the view in either direction being unobstructed for about one-half mile. Plaintiff's home is on the south side of the road and his mother lives on the north side about 160 feet to the east, both farms having driveways or lanes on the west of the respective houses.

Plaintiff, with witness Nichols, after working at Mrs. Kendall's place, drove out of her lane, and stopped before entering the highway to throw some fodder to the cattle. They next turned to the west remaining on the gravel shoulder of the north side until nearly opposite plaintiff's lane, where they claimed they stopped to observe the condition of the traffic before crossing the road. At this point they could plainly see approximately 1,850 feet to the west. They both testified they waited until a car

passed them from the east, and that no cars were approaching from the west. Proceeding several rods more, they turned directly across the highway at an estimated speed of from 3 to 10 miles per hour and just as the rear wheels of their car were about to clear the pavement, defendant's auto suddenly appeared from their right. The collision wrecked both machines and seriously injured the plaintiff.

Defendant Bean, with his wife and child, was riding in his car, which was being driven by defendant Locicaro. Bean and his wife were also injured. Defendant's testimony shows that both he and his driver saw plaintiff's car moving towards them on the north side of the road when they were about 1,850 feet away, but that they did not observe plaintiff again until it was too late to avoid the crash.

A disinterested witness, Malkowski, who was driving westerly with a clear vision of "pretty near a mile" saw the whole affair and testified that plaintiff did not stop on the shoulder, but turned slowly and drove across the road in front of defendants, that when Kendall's car came out of the lane, Bean's auto was about 100 feet away, but when it turned, Bean was only 40 or 50 feet distant. Both this witness and his companion said no other cars passed them.

Defendant claims plaintiff was guilty of contributory negligence as a matter of law and argues that *Kok* v. *Lattin,* 261 Mich. 362, is controlling.

Plaintiff says the facts present a jury question; that he was not guilty of negligence as a matter of law and *Lefevre* v. *Roberts,* 250 Mich. 675, is applicable.

Our views as to defendants' claim of error that the verdict is against the great weight of the evidence are fully expressed in *Patterson* v. *Thatcher,*

*ante,* 597. Examination of the evidence of the instant case brings us to a like conclusion, but we do not see the necessity for a new trial. A verdict should have been directed for the defendants at the close of plaintiff's proofs.

Plaintiff never saw defendants' car and defendants did not see plaintiff the second time until it was too late to avoid a collision. For at least 1,850 feet both drivers had a clear and unobstructed view. Had defendants continued to observe plaintiff instead of becoming interested in the beauties of the fall foliage, the accident would never have occurred.

"Had the plaintiff looked he would have seen the defendant in time to avoid the collision. He testified that he did look and saw no car approaching. His testimony in this respect is contrary to the physical facts. As his view was unobstructed and the defendant's car was there in plain sight, it must be held that he did not look. If he had looked he could have seen what was there to be seen. * * * If either had looked, he could have avoided the accident. Failure to look was negligence. The undisputed material facts left no question for the jury, * * * as a matter of law there could be no recovery." *Kok* v. *Lattin, supra.*

Defendants' motion for a directed verdict should have been granted. The judgment is set aside without a new trial. Costs to appellants.

POTTER, C. J., and NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred. EDWARD M. SHARPE, J., did not sit.

The late Justice NELSON SHARPE took no part in this decision.