WALLACE *v.* ROSENFELD.

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT.
   Proof of negligence imputable to plaintiff must be very plain before his conduct is declared to be negligent as a matter of law.

2. AUTOMOBILES—CONTRIBUTORY   NEGLIGENCE—EVIDENCE—THROUGH
   HIGHWAYS—SPEED—QUESTION FOR JURY.

   Question of whether or not driver of car in which plaintiff's
   decedent was riding was guilty of contributory negligence *held*,
   one of fact for jury where evidence showed he stopped on
   cross road before reaching 40-foot 4-lane through highway,
   looked both ways, could have seen defendant approaching about
   500 feet or more away, waited for cars to pass, then entered
   main highway and started to turn left in third lane when he
   saw defendants' car 30 or 40 feet away approaching at speed
   of 70 or 80 miles an hour.

WIEST, C. J., and BUTZEL and NORTH, JJ., dissenting.

Appeal from Berrien; Evans (Fremont), J.  Sub-
mitted April 7, 1938.  (Docket No. 46, Calendar
No. 39,920.)  Decided June 30, 1938.

Case by Charles Wallace, administrator of the
estate of Anna Wallace, deceased, against Henry C.
Rosenfeld and Jane Flavin for personal injuries sus-
tained in an automobile collision causing death of
plaintiff's decedent.  Verdict for plaintiff.  Judg-
ment for defendant *non obstante veredicto.*  Plain-
tiff appeals.  Reversed and judgment ordered en-
tered for plaintiff.

*Burns & Hadsell,* for plaintiff.

*I. W. Riford* and *Walter R. Arnold,* for defendants.

SHARPE, J.   This is an action for damages for the
death of plaintiff's decedent growing out of an auto-
mobile accident.  The accident occurred May 4, 1936,
at the junction of US-31 and Bertrand road about
four miles south of Niles, Michigan.  At the place
where the collision occurred US-31 is 40 feet wide,
a four-lane concrete highway running north and
south, while Bertrand road is a tarvia top macadam

road about 16 feet wide running east and west. US–31 at this junction is a through highway and vehicles entering the main highway are required by law to stop before entering.

On the day in question between 4 and 5 p. m., plaintiff's decedent was being driven by Willard Schroeder from his home west of US–31 to Niles, Michigan. Schroeder and decedent were traveling east on the Bertrand road and when they reached a point about 7 or 8 feet west of the pavement of US–31, Schroeder stopped his car, looked both ways on US–31, waited for cars to pass on US–31, and then entered the main highway. Schroeder was able to get the front of his car into the third lane from the west on US–31 and started to turn north. At this time he saw defendants' car about 30 or 40 feet away. Defendants' car struck the rear half of Schroeder's car, threw decedent out on the pavement, injuring her so that she died about two hours later.

At the close of plaintiff's case, defendants moved for a directed verdict on the ground, among others, that Schroeder was guilty of contributory negligence as a matter of law. The court reserved decision on the motion under the Empson act, 3 Comp. Laws 1929, § 14531 (Stat. Ann. § 27.1461). The jury returned a verdict for plaintiff, but the trial court at a later date entered judgment for the defendants. Plaintiff appeals and contends that the trial court was in error in determining that Schroeder was guilty of contributory negligence as a matter of law.

In *Frary* v. *Grand Rapids Taxicab Co.*, 227 Mich. 445, we said:

"In cases of this character it should be made very plain by the proofs that the conduct of the plaintiff was negligent before his conduct is declared to be negligent as a matter of law."

In *Flynn* v. *Kramer*, 271 Mich. 500, 505, we said:

"It is an impossibility to lay down precise rules by which we may measure all acts of contributory negligence."

Plaintiff relies upon the case of *Lindzy* v. *Swaab*, 263 Mich. 264. That case involves a collision at an intersection. Plaintiff approached the 40-foot main highway from the west. She stopped her car, looked both ways for traffic. There was no car in sight from the north. At this point she had a view of 372 feet in the direction from which the defendant's car came; further view was cut off by a hill over which the main highway passed. The cause was submitted to the jury which found that plaintiff was not guilty of contributory negligence in fact. In that case we said, "The question was one of fact for the jury, and the court was not in error in so holding."

In *Lefevre* v. *Roberts*, 250 Mich. 675, plaintiff's truck driver attempted to cross a trunkline highway. He observed defendant's automobile approaching at a distance of 400 feet, but made no further observation of the approaching vehicle. A collision occurred. We there said:

"If the automobile was 400 feet from the intersection when the driver of the truck started to cross (and upon this we must accept the truck driver's testimony), then it cannot be said as a matter of law that he was guilty of negligence, even though he made no further observation of the oncoming auto. Whether the truck driver was negligent in fact was an issue for the jury."

In the case at bar, as Schroeder approached the main highway he stopped, looked to the north a distance of 700 or 800 feet and saw no cars coming from that direction. He then attempted to cross and as he

was entering the third lane of the highway he saw defendants' car a distance of 30 or 40 feet away approaching at a speed of 70 or 80 miles per hour. The record is convincing that as Schroeder entered the concrete portion of US–31, defendants' car was approximately 528 feet away from the intersection. While Schroeder did not see defendants' car at this point, yet he is charged with the knowledge of having seen what was plainly there to be seen. We think that reasonable minds might differ upon the question of whether Schroeder was guilty of contributory negligence imputable to plaintiff's decedent and hence it presents a question of fact for the jury.

The judgment of the trial court is reversed and judgment will be entered therein in the amount determined by the jury. Plaintiff may recover costs.

BUSHNELL, POTTER, CHANDLER, and MCALLISTER, JJ., concurred with SHARPE, J.

NORTH, J. (*dissenting*). This case, wherein the trial judge entered judgment for defendants *non obstante veredicto*, should be affirmed. It conclusively appears from the undisputed facts that the driver of the automobile in which plaintiff's decedent was a passenger was guilty of contributory negligence. Such negligence is imputed to plaintiff's decedent and sustains the judgment *non obstante veredicto*.

The automobile in which plaintiff's decedent was riding was stopped by its driver 8 or 10 feet from the pavement of the intersecting through highway which he was about to enter. He had to proceed substantially 30 feet plus the length of his car to reach a place of safety from traffic traveling south on the through highway on which defendants were approaching. Appellant points out in his brief testi-

mony which tends to show defendants' car was at least 528 feet from the intersection when plaintiff car started to cross. In setting forth a view of the facts most favorable to appellant, it is stated in his brief:

"The reason that Schroeder (driver of plaintiff car) did not see the defendant was that after he stopped and looked he shifted gears, and while this was being done, the defendant came into his view. If, when Schroeder started to move, the defendant was 528 feet away, it would have been necessary for only three seconds to have elapsed between the time he looked and the time he started, for the defendant to have been 834 feet away from the intersection, because the defendant, traveling at 70 miles per hour, would travel 102 feet per second. To engage the gears and clutch on his car could well take that length of time."

The foregoing is an admission by appellant that when plaintiff automobile left its place of safety and entered upon the pavement of US–31 defendants' car was in sight. It may be also observed that if the driver of plaintiff car had trouble in shifting his gears after he made his first observation he was charged with a further duty (inasmuch as he had ample opportunity to do so) of making another observation before attempting to cross the pavement of a highly traveled 4-lane thoroughfare. Regardless of the above noted admission, we think it conclusively appears from the testimony that when the plaintiff car entered upon the pavement of US–31 the defendants' car must have been approaching in plain sight.

The accident happened in the daytime and, as stated in appellant's brief, there was nothing to obstruct the view of the driver of decedent's car in the direction from which defendants' car was approach-

ing for a distance of 700 or 800 feet. Not only was defendants' car approaching, but other traffic on the through highway passed at the time decedent's driver stopped his car. At the rate plaintiff claims defendants' car was approaching it would reach the intersection within four or five seconds. Notwithstanding this and the other traffic conditions just above noted, the driver of decedent's car proceeded out upon the through highway. He went far enough so that the front portion of his car had passed the center line of the through highway but the rear half of the car was still west of the center line when the collision occurred. In other words the collision occurred on that portion of the through highway where defendants' car was rightfully proceeding—that is on the driver's right-hand side of the highway. It will not do for appellant to urge that the driver of decedent's car saw no other automobiles approaching on the through highway. *Kok* v. *Lattin,* 261 Mich. 362; *Kendall* v. *Bean,* 273 Mich. 657. Regardless of whether the driver of decedent's automobile saw defendants' approaching car or did not see it, still the driver was guilty of negligence in proceeding into the through highway under the undisputed prevailing conditions. The accident happened in such a brief interval of time that the theory of subsequent or discovered negligence cannot be applied in this case; and, therefore, on account of the contributory negligence of the driver of decedent's car, plaintiff was not entitled to recover under this record.

In coming to an opposite conclusion Justice Sharpe cites and relies upon *Lindzy* v. *Swaab,* 263 Mich. 264, and *Lefevre* v. *Roberts,* 250 Mich. 675. Each of these cases is a border line case on the issue of whether contributory negligence was a question of fact or a question of law. In the *Lefevre Case* we said: ''The question is close.'' But in the instant case the con-

tributory negligence of the driver with whom plaintiff's decedent was riding is more definitely established by undisputed physical facts than in either of the two cited cases.

It must be borne in mind that the obvious danger of collision at an intersection does not depend solely on the distance of an observed approaching car from the point of intersection. Instead its observable rate of speed is an equally important factor. An automobile driver is charged with the duty of using reasonable care in observing not only the distance away of an approaching car, but also its apparent rate of speed. When tested in the light of these two factors, the factual distinction between the two cases cited and the instant case appears; and further there are other distinguishing circumstances.

In the *Lindzy Case,* first above cited, the plaintiff as she approached the intersection of the superior highway made an observation in each direction, but her view in the direction from which defendant was approaching was limited to 372 feet because of a hill. Plaintiff made the best observation possible under the circumstances. No vehicle was approaching between her and the hill. She crossed defendant's path and reached the side of the intersecting highway where defendant had no right to drive before the collision occurred. Further, in the *Lindzy Case* the record discloses the defendant was approaching at a rate of speed not in excess of 40 miles per hour. It was under such circumstances that the court decided it could not hold the plaintiff was guilty of negligence as a matter of law.

In the *Lefevre Case, supra,* among other circumstances surrounding the accident the record shows that there was a slippery pavement and that because of this condition the defendant automobile driver was unable to stop his car within 100 feet, evidently

a much greater distance than would normally have been required at the rate defendant was driving; that because of this condition instead of attempting to check his speed defendant driver accelerated his speed in an attempt to pass ahead of plaintiff's truck. Under such circumstances this court decided it could not be held as a matter of law that plaintiff's driver should have anticipated these unusual elements which entered into the accident and that his failure to do so did not render him guilty of contributory negligence. Again it should be noted in this case that defendant automobile driver was approaching at a rate of only 35 miles an hour when plaintiff's driver attempted to cross.

The instant case, like each of the two cited cases, is one wherein plaintiff car (the car in which plaintiff's decedent was riding) was approaching the intersection of a superior or preferred highway and in each of the three cases the distance that the plaintiff's car had to travel from his point of observation to a point of safety does not materially differ. But in the instant case (unlike the *Lindzy Case*) the driver of plaintiff car had an unobstructed view in the direction of the oncoming car for 700 or 800 feet, and defendants' approaching car must have been within this view when decedent's driver entered upon the 4-lane pavement of US–31. This oncoming car was traveling at a high rate of 70 miles per hour. This was substantially twice as fast as the defendant car was traveling in either of the cited cases. A speed of 70 miles per hour not only materially increased an obvious danger by reducing the time within which the approaching automobile would reach the intersection, but also to one exercising reasonable care it would be plainly apparent that the approaching car because of its extremely high rate of speed was much less under control than a car traveling at

approximately 35 or 40 miles as in each of the cited cases. Also it is to be noted that in the instant case the collision occurred before plaintiff car had cleared the half of the superior highway on which defendant had a right to travel.

A condensed statement of controlling facts in the instant case comes to this. The driver of the car in which plaintiff's decedent was riding approached in the daytime and was obligated to stop at the intersection of a 4-lane pavement on a highly-traveled trunkline highway. The weather and road conditions were normal. There was ample unobstructed view. There were no distracting circumstances. The driver of plaintiff car, after stopping to look, attempted to cross the east half of the pavement in the face of an automobile coming at the rate of at least 70 miles per hour on the preferred highway. Plaintiff car entered upon the pavement so shortly before defendants' car arrived at the intersection that the collision occurred before plaintiff car had cleared the west half of the pavement where defendants' car had a right to proceed. The accident could not have happened under such circumstances except the driver of the car in which plaintiff's decedent was riding was guilty of negligence contributing as a proximate cause of the accident. Hence it must be held that this driver was guilty of negligence as a matter of law and his negligence is imputed to plaintiff's decedent. This case falls within the law of *Zuidema* v. *Bekkering,* 256 Mich. 327, *Kok* v. *Lattin, supra,* and *Kendall* v. *Bean, supra.* The judgment *non obstante veredicto* entered for defendants should be affirmed. Costs to appellees.

. WIEST, C. J., and BUTZEL, J., concurred with NORTH, J.