RICHARDSON v. WILLIAMS.

1. DEATH—TRIAL—INSTRUCTION AS TO PRESUMPTION OF FREEDOM FROM CONTRIBUTORY NEGLIGENCE ERRONEOUS WHERE EYEWITNESSES TESTIFIED.

In action for death of pedestrian struck by automobile, where all circumstances attending accident, including acts of deceased, were testified to by eyewitnesses called by both parties, presenting question of fact relative to deceased's contributory negligence, instruction that deceased was presumed to be free from contributory negligence in absence of any direct evidence to contrary was erroneous.

2. SAME—PRESUMPTION INDULGED ONLY IN ABSENCE OF DIRECT EVIDENCE.

Presumption that person killed under unknown circumstances was in exercise of ordinary care is indulged only in absence of direct and credible evidence on subject, and when eyewitnesses were called, their testimony being direct on the subject, excluded any and all resort to presumption, since presumption never survives disclosed facts.

As to duty of pedestrian to look out for automobile in streets, see annotation in 3 L. R. A. (N. S.) 345; 20 L. R. A. (N. S.) 232; 38 L. R. A. (N. S.) 488; 42 L. R. A. (N. S.) 1179; 9 A. L. R. 1248; 44 A. L. R. 1299.

3. SAME—FUNCTION OF PRESUMPTION.

When presumption is permissible, its function is only provisional, it serves, if at all, alone and never in company with evidence, and therefore cannot be weighed in scale with or against evidence, since it is not evidence at all but only a rule relative to procedure.

4. MOTOR   VEHICLES—TRIAL — INSTRUCTION — CONTRADICTORY   INSTRUCTIONS.

Where accident resulting in death of plaintiff's decedent occurred outside of city limits and not in business or residential section, it was prejudicial error to instruct the jury, in action for said death, to determine whether maximum speed permissible in such sections under Act No. 318, Pub. Acts 1927, was exceeded by driver, although true issue as to whether driver was driving faster than was reasonable and proper under the circumstances was also submitted, since court cannot say that jury followed correct rather than erroneous instruction, which left the pivotal and initial question to be determined under law wholly inapplicable to the case.

5. SAME—DUTY OF PEDESTRIAN TO LOOK.

It is pedestrian's duty to take view of traffic upon street before attempting to cross, and to make observation thereof while crossing.

6. SAME—CONTRIBUTORY   NEGLIGENCE—PEDESTRIAN   SHOULD   SEE WHAT IS IN PLAIN SIGHT.

Where evidence shows that defendant's approaching car must have been in plain sight of decedent when he started to cross the pavement the jury should have been instructed that his act in crossing should be viewed as though he saw the car approaching.

7. SAME—TRIAL—INSTRUCTION IGNORING PROXIMATE CAUSE ERRONEOUS.

In action for death of pedestrian killed by automobile while crossing pavement, instruction that noncompliance with statute constitutes negligence rendering driver liable was erroneous, since said negligence entailed no liability to respond in damages unless it was the proximate cause of the injury.

Error to Calhoun; Hatch (Blaine W.), J. Submitted October 9, 1929. (Docket No. 44, Calendar No. 34,522.) Decided January 24, 1930.

Case by Nettie Richardson, administratrix of the estate of Wallace Richardson, deceased, against Vevah Williams for the negligent killing of plaintiff's decedent. From a verdict and judgment for plaintiff, defendant brings error. Reversed, and new trial granted.

*F. H. Dusenbury* and *Hamilton, Cleary & Storkan,* for plaintiff.

*Bailey & McAuliffe,* for defendant.

WIEST, C. J. Wallace Richardson, while crossing the pavement on Lafayette avenue, outside of the city of Battle Creek, at the noon hour, November 9, 1927, was struck and instantly killed by an automobile owned by defendant and driven by her daughter by permission. This action is under the death act (3 Comp. Laws 1915, § 14577 *et seq.*). Plaintiff had verdict and judgment, and defendant reviews by writ of error.

Plaintiff called eyewitnesses to establish the negligence of the driver of the automobile and to show the care exercised by the deceased. Defendant also called eyewitnesses to show want of care by the deceased. All the circumstances attending the accident, inclusive of the acts of the deceased, were testified to by several eyewitnesses. The conflict between the eyewitnesses called by the plaintiff and those called by defendant presented a sharp-drawn question of fact for determination by the jury relative to the contributory negligence of plaintiff's decedent. The court, under such circumstances, was in error in giving the following instruction:

"I charge you that this action having been brought under what is known as the 'Death Act' the plaintiff's decedent is presumed to be free from contributory negligence as to having used due and ordinary

care to avoid the injury, in the absence of any direct evidence to the contrary. In other words, when a person is injured by another and dies and there are no witnesses to the happening of the injury, the law presumes that such injured person was exercising reasonable and ordinary care at the time of the injury with a view to his own safety, and such presumption applies only to the extent to which the same have not been rebutted by direct evidence to the contrary."

The jury must have understood that the instruction stated a rule for their guidance. The instruction added the presumption to the weight the jury might afford the testimony in behalf of plaintiff and placed upon defendant an unwarranted handicap.

In denying defendant's motion for a new trial, the circuit judge stated:

"While it is true that said presumption has no weight when there is direct evidence to the contrary, still the plaintiff having requested same, is entitled to have the jury instructed as to said presumption that prevails in death cases, for the reason that said presumption does stand in the place of evidence, in case there is no direct evidence introduced to the contrary, and it was the duty of the jury to consider it to that extent, and they being the sole judges as to the facts, had a right to consider the same, and unless they were satisfied that defendant had proved by direct evidence, which they believed, that said plaintiff's decedent did not exercise due care and caution and was negligent in some regard, then the same would prevail, and said instruction construed with the rest of the charge was not erroneous and did not mislead the jury."

This but emphasizes the prejudicial effect of the instruction in this particular case. The common instinct of self-preservation is the basis for the presumption that a person killed under unknown cir-

cumstances was in the exercise of ordinary care. The presumption, however, is indulged only in the absence of direct and credible evidence on the subject. When plaintiff called eyewitnesses to the accident, she vouched for their credibility, and, their testimony being direct on the subject, excluded any and all resort to the presumption. The presumption never survives disclosed facts. When the presumption is permissible, its function is only provisional; it serves, if at all, alone, and never in company with evidence, and, therefore, cannot be weighed in the scale with or against evidence. The presumption is not evidence at all, but only a rule relative to procedure.

We quote from the syllabus in *Baker* v. *Delano,* 191 Mich. 204:

"The office or effect of a true presumption is to cast upon the party against whom it works the duty of going forward with evidence: it has the force and effect of a *prima facie* case and temporarily, at least, relieves the party in whose favor it arises from going forward with the evidence. If nothing further is adduced, it may settle the case in favor of the party for whom it works, and, on the other hand, when the other party has gone forward with his evidence and the *prima facie* case is overcome, the force of the presumption is spent."

In the case at bar the presumption did not enter the issue at all, for the facts and circumstances of the killing were witnessed, and some of the eyewitnesses were called by the plaintiff. Upon the subject of the presumption, see *Gillett* v. *Traction Co.,* 205 Mich. 410; *Union Trust Co.* v. *American Commercial Car Co.,* 219 Mich. 557; *Noonan* v. *Volek,* 246 Mich. 377.

The accident did not happen in a business or residential section, as such sections are defined in the

motor vehicle statute (Act No. 318, Pub. Acts 1927, § 1), and it was error to instruct the jury as to the maximum speed within such sections and in stating an issue thereunder, as follows:

"It thus becomes a question for the jury to determine, first, whether or not the party was exceeding the maximum, and if he was not exceeding the maximum, then whether or not he was driving faster than was reasonable and proper under the circumstances at the particular place in question."

The true issue under the pleadings and proofs was stated in the latter part of the quoted instruction. Under the evidence, the jury could not find that the place of the accident was in a business or residential section, and, therefore, could not consider the maximum speed in such sections as fixed by the statute and find defendant guilty of negligence if such speed was exceeded.

Counsel for plaintiff say:

"The jury were fully warranted in finding defendant guilty of negligence arising from excessive speed without even considering the question of statutory speed limits applying in residence or business districts."

But did the jury so find, or did the jury take the first issue submitted by the court, and, upon the testimony of the driver of defendant's car that she was driving 30 or 35 miles an hour, and was therefore exceeding the maximum speed limit in residence or business districts, base the finding of negligence thereon? Why should the jury pass the easy question, under the instruction given and the admission of the driver, and take up the more difficult one of whether or not the automobile was driven faster than was reasonable and proper under the circumstances at the particular place in question, where there was

no statutory maximum speed limit? We must hold that the error was prejudicial because it left the pivotal and initial question to be determined under law wholly inapplicable to the case, and the harm was not lessened by stating that if the jury found the driver was "not exceeding the maximum, then (the question was) whether or not he was driving faster than was reasonable and proper under the circumstances at the particular place in question." The answer to the first stated issue was too easy, under the law as given by the court and the admission of speed by the driver of the car, to admit of the thought that the jury did not so determine.

When plaintiff's decedent reached the south edge of the 18-foot pavement that he attempted to cross, he had an unobstructed view of the street for a half mile in each direction. Defendant's car came upon the street at an intersection three blocks from the point where plaintiff's decedent started across the pavement. Plaintiff's decedent was struck by defendant's car when he was about four feet from the north edge of the pavement. He had, therefore, traveled but 14 feet from the point at the south edge of the pavement where he had a view for half a mile in the direction from which defendant's car approached. The trial judge instructed the jury:

"I charge you that if Mr. Richardson, when he arrived at the intersection in question, looked and did not see defendant's car approaching because such automobile was not in sight at the time, he had a right to proceed to cross and he would not be negligent in attempting to make such crossing, if he did as any prudent person would have done under all the circumstances."

If, at the time Mr. Richardson looked, the defendant's car was not in sight, then the car was not

yet upon the street three blocks away, and, as he hesitated at the edge of the pavement but a moment before hurrying across, the car would have had to come three blocks while he was hurrying 14 feet. This is inconceivable. The car must have been upon the street when he started across and a great deal less than three blocks away. If the car was upon the street, and he looked, he must be held to have seen it, for it was high noon, and the weather was clear, and his view was unobstructed. It was his duty to take a view of traffic upon the street before attempting to cross, and to make observation thereof while crossing. If defendant's car was approaching from the east in plain view, he should have observed it and have adapted his movements to accord with his own safety. It is manifest that defendant's car was approaching from the east and within his plain view, and the jury should have been instructed that his act in crossing the pavement should be viewed as though Mr. Richardson saw defendant's car approaching.

In *Kneebone* v. *Lake Superior District Power Co.,* 248 Mich. 403, plaintiff therein was struck by a street car and claimed that she looked up and down the street and saw nothing coming. The physical fact was that the car was in plain view. Mr. Justice SHARPE, in writing for the court, said:

"She could and must have seen it. *Champaign* v. *Railway,* 181 Mich. 672; *Molby* v. *Railway,* 221 Mich. 419; *Baader* v. *Railway Co.,* 228 Mich. 104; *Molda* v. *Clark,* 236 Mich. 277; *Kun* v. *Railway Co.,* 240 Mich. 598."

In *Brady* v. *Railway Co.,* 248 Mich. 406, we said:

"No testimony can refute the unquestioned physical facts, and no indulgence in arithmetical soliloquy

can make it otherwise. If the driver did not see the train he failed to see what he should have seen, and what he should have seen and heeded, instead of what he says he did not see, governs in a law suit. The court still heeds physical facts, even though disputed by testimony.''

In the first part of another instruction to the jury, the trial judge correctly stated the law as follows:

"Before plaintiff may rightfully recover a verdict for damages in an action of this sort it must appear by a preponderance of the evidence that plaintiff's decedent was himself free from any negligence which either caused or contributed to his death, and it must further appear that the daughter of the defendant from whom she is seeking to recover was guilty of some negligence which was the proximate cause of the death of plaintiff's decedent.

"If either of these elements be lacking there can be no recovery.''

The court then laid before the jury some statutory provisions relative to use of highways by motor vehicles, inclusive of the speed limits in business and in residence districts, and later said:

"In entering upon the consideration of this case you must bear in mind that it is not every case of damage or accident or death that a legal liability follows and for which the person causing it or responsible for it is in any way liable. It is only in those cases where the defendant has been negligent, has omitted to do some duty that she ought to have performed that she owes to the public or to the other party, that a legal liability arises, and in cases of this kind where the statute or law of the State imposes upon the person certain duties it is incumbent upon her to comply with those provisions and if she does not comply with them as the law provides then her noncompliance is considered in law to be

negligence and an omission of which makes her liable by the mere act of neglecting to comply with the provisions that have been made in such cases.''

Such is not the law applicable to the case. The negligence mentioned entailed no liability to respond in damages unless it was the proximate cause of the injury. We dislike to hold that the mentioned omission constitutes error, but we must do so or say that the jury was more careful in considering all the instructions than the trial judge was in giving the same. The last-mentioned instruction was contradictory of the first, and we have so often held such to constitute reversible error that citation of authority is unnecessary.

The court denied defendant's motion for judgment *non obstante veredicto*. This case is close to the border line, and we have concluded to grant a new trial.

The judgment is reversed, and a new trial granted, with costs to defendant.

BUTZEL, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred. MCDONALD, J., took no part in this decision.