McKELVEY v. HILL.

1. MOTOR VEHICLES—NEGLIGENCE—RIGHT OF WAY—QUESTION FOR JURY.

   Where automobile driver in collision at intersection testified that he saw that automobile approaching on intersecting highway was not going to stop when he was 100 feet from intersection, that he could have stopped within 60 feet, but did not stop, his negligence was question for jury, although he was driving on through highway, and had right of way.

2. SAME—DUTY TO STOP BEFORE CROSSING THROUGH HIGHWAY.

   It is duty of driver of automobile on intersecting highway, approaching intersection, to stop before crossing or attempting to cross through or trunk line highway.

3. SAME—CONTRIBUTORY NEGLIGENCE.

   Driver of automobile on intersecting highway, who saw automobile on trunk line highway approaching intersection at high speed, who stopped momentarily, and then started across in low gear, taking chance of getting across without being hit, was guilty of contributory negligence as matter of law.

4. NEGLIGENCE—IMPUTABLE TO PASSENGER.

   Negligence of driver is imputable to passenger in automobile, barring recovery for injuries received by her in collision, in action against driver of other car.

Appeal from Kent; Brown (William B.), J. Submitted April 19, 1932. (Docket No. 137, Calendar No. 36,468.) Decided June 6, 1932.

Case by Clifford McKelvey against George Hill, Jr., for damages because of personal injuries sustained by plaintiff's wife, Hazel McKelvey, alleged to be due to defendant's negligence. Verdict and judgment for plaintiff. Defendant appeals. Reversed, and judgment ordered entered for defendant.

As to rights and duties at intersection of arterial (or other favored) highway and nonfavored highway, see annotation in 58 A. L. R. 1197.

On imputed negligence of driver to passenger, see annotation in 8 L. R. A. (N. S.) 597; L. R. A. 1915A, 761; 42 A. L. R. 717.

*Linsey, Shivel & Phelps* (*John H. Vander Wal,* of counsel), for plaintiff.

*Dunham, Taylor & Allaben,* for defendant.

POTTER, J.   Plaintiff sued defendant to recover damages alleged to have been suffered by reason of his wife's injury at a highway intersection collision between an automobile driven by George McKelvey, in which plaintiff's wife, Hazel McKelvey, was riding, and that driven by defendant on September 3, 1929.   George McKelvey was driving in a westerly direction on the Muskegon-Cedar Springs highway, and at the intersection of Walker road his car was struck by that driven by defendant, causing the injuries to plaintiff's wife, resulting in the damages which plaintiff sues for.   The negligence of defendant complained of is that he did not have his automobile under control, operated his automobile at an excessive rate of speed, and defendant, having ample space to do so, did not turn his automobile to the left and rear of that in which plaintiff's wife was riding, so as to avoid injury.   There was judgment for plaintiff, and defendant appeals.

By appropriate assignments of error defendant raises several questions, contending he was not negligent, the driver of the car in which plaintiff's wife was riding was guilty of contributory negligence, the charge of the court was argumentative and prejudicial, and the unsolicited comments, voluntary interruptions, and explanations of the testimony by the trial court precluded defendant from having a fair trial.   The trial court did not hold defendant negligent, but held the question of defendant's negligence was for the jury.

Defendant had the right of way.   The intersection was a stop crossing, so far as the driver of the car

in which plaintiff's wife was riding is concerned. Defendant says he could have stopped his car within a distance of 60 feet, and he saw the driver of the car in which plaintiff's wife was riding was not going to stop when he was 100 feet away from the intersection. He did not stop his car. The question of defendant's negligence was for the jury.

Defendant was driving on a through trunk line highway. The driver of the car in which plaintiff's wife was riding was driving upon an intersecting highway. It was the duty of drivers of automobiles on this intersecting highway to stop their vehicles before crossing or attempting to cross the through or trunk line highway. The driver of the car in which plaintiff's wife was riding knew this. He was 61 years old, had driven an automobile for several years, and as he approached this trunk line highway he was aware of its character, of his duty to stop, and saw the stop sign. It was broad daylight, the sun was shining, and he saw defendant's car coming at a greater rate of speed than he was driving or had been driving, although he says he did not observe the speed of defendant's car carefully. Defendant claims the driver of the car in which plaintiff's wife was riding did not stop his automobile, but the driver says he did stop his car momentarily, and started ahead, at low speed, trying to get across the trunk line highway fast enough so the other automobile would not strike him; that he had made up his mind he had time to get across when he started across, so that, as far as the driver of this automobile is concerned, he knew this intersection was a place of danger, knew the defendant had the right of way; saw defendant approaching the intersection with his automobile, knew it was a stop highway, knew he had brought his car momentarily to a stop, put his car in low gear, knew he

would not be able to accelerate rapidly, and with full knowledge of the conditions, took a chance on getting across without being hit. He took a chance in the face of known danger. His negligence is imputable to plaintiff's wife, who was riding with him. Without such negligence upon the part of this driver, the injury would not have occurred. We think his contributory negligence bars recovery. This renders unimportant a discussion of the other assignments of error.

Judgment reversed, and remanded, with direction to enter judgment for defendant, with costs of both courts.

CLARK, C. J., and McDONALD, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.