## ADAMS *v.* CANFIELD.

1. MOTOR VEHICLES — NEGLIGENCE — DUTY OF DRIVER CROSSING THROUGH HIGHWAY.

   Automobile driver desiring to cross through highway or superhighway must stop, make reasonable observation for oncoming traffic, and proceed with reasonable dispatch, having in mind superior rights of drivers on through highway and that they may and do drive rapidly because they are not obliged to stop at intersections of inferior roads.

2. SAME—WHAT CONSTITUTES DUE CARE.

   Whether single lookout for traffic on through highway by automobile driver about to cross it constitutes due care, and whether he should cross and how fast he should proceed depend upon how far he can see and what he sees; said crossing not being place for inattention or loitering.

3. SAME—RATE OF SPEED ON THROUGH HIGHWAY.

   Rate of speed on through highway of 45 or more miles per hour is not illegal, excessive, or uncommon.

4. SAME—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

   Automobile driver desiring to cross through highway must anticipate fast traffic on it, and, when range of his vision is limited, may not always assume that single observation will disclose whole situation, and proceed as though there were no cars within colliding distance; on other hand, he may assume that driver on through highway, coming into range of vision, will discover him seasonably and take ordinary care to avoid collision.

5. NEGLIGENCE—QUESTION OF FACT IF REASONABLE MINDS MAY DIFFER.

   State of facts will not be deemed negligence by law, where reasonable minds may differ upon it.

(666)

6. MOTOR VEHICLES — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE —
   CROSSING THROUGH HIGHWAY AT SLOW SPEED.

> Whether automobile driver, desiring to cross through highway
> on stormy, snowy day, when he could see only about 180 feet,
> was guilty of contributory negligence, *held,* issue of fact
> under evidence showing that he made only one observation for
> oncoming traffic, that he proceeded to cross at slow speed of
> 3 to 6 miles per hour, and that he was struck, when he had
> nearly crossed, by automobile driven at speed of 40 to 45
> miles per hour.

Appeal from Kent; Brown (William B.), J. Submitted April 7, 1933. (Docket No. 53, Calendar No. 36,951.) Decided June 15, 1933. Rehearing denied August 29, 1933.

Case by Esther Adams against Ernest S. Canfield for personal injuries received in an automobile collision at a highway intersection. Directed verdict and judgment for defendant. Plaintiff appeals. Reversed.

*McAllister & McAllister,* for plaintiff.

*Rodgers & Dunn,* for defendant.

FEAD, J. The question is whether the court properly directed a verdict for defendant, on the ground of contributory negligence of plaintiff, in an action arising out of a collision of automobiles.

In the afternoon of a stormy, snowy, blustery day in January, plaintiff was riding in a car driven by her nephew, Wesley Wilkinson, going west on a gravel road in Kent county. They came to the Belt Line, a through highway paved with cement 20 feet wide, and stopped 5 feet from the pavement. They looked both to the right and left and saw no car approaching on the Belt Line. They could see about 180 feet. They started to cross, attained a speed of 3 or 4 miles per hour at the center of the Belt

Line, increased to 4 to 6 miles, and, when they had nearly crossed the pavement, their car was struck at the rear wheel by defendant's automobile, coming from the north at a speed of 40 to 45 miles per hour. Neither Wilkinson nor plaintiff made any observation to the north after starting the car. Wilkinson did not see defendant before the collision. Plaintiff saw defendant's car an instant before it struck. In 25 feet Wilkinson could have attained a speed of 13 miles per hour, which would have enabled him to cross in safety. At 4 miles per hour he could have stopped instantly. We will assume that defendant was guilty of negligence.

A driver desiring to cross a through or superhighway must stop, make reasonable observation for oncoming traffic, and proceed with reasonable dispatch. He must have in mind the superior rights of drivers on the through highway, that they presumably have the right of way, and that they may and do drive rapidly because they are not obliged to stop at the intersection of inferior roads. Whether a single lookout for traffic constitutes due care, and whether and how fast one shall cross depends upon how far he can see and what he sees. The crossing is not a place for inattention or loitering.

A rate of speed on a through highway of 45 or more miles per hour is not illegal nor excessive nor uncommon. It is quite ordinary. A driver desiring to cross such road must anticipate fast traffic on it, and, when the range of his vision is limited, he cannot always assume that a single observation will disclose the situation and all of its probabilities and proceed as though there were no cars on the road within colliding distance. On the other hand, he may assume that a driver on the through highway, coming into the range of vision, will discover him seasonably and take ordinary care to avoid collision.

In my opinion, the combination of plaintiff's failing to make further observation and of driving at a slow rate of speed constituted negligence as a matter of law. A majority of the court hold otherwise. Under the rule that a state of facts will not be deemed negligence by law where reasonable minds may differ upon it, the situation forbids my adhering to my opinion in making decision. Consequently we hold that the case presents an issue of fact upon plaintiff's contributory negligence.

Judgment reversed, with costs, and new trial.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.