BRODIE *v.* CITY OF DETROIT.

1. HIGHWAYS AND STREETS—PEDESTRIANS' TRAFFIC LANE—INTERSECTIONS—OVERTAKING AND PASSING VEHICLES.

Traffic lane for pedestrians across a street at place between intersections *held*, not a street or highway intersection governed by laws or ordinances prohibiting a vehicle from passing another going in the same direction at such intersection (1 Comp. Laws 1929, §§ 4693, 4707).

2. AUTOMOBILES—PEDESTRIAN CROSSING STREET—DUTY OF CARE.

A pedestrian crossing a street has duty to look carefully for approaching traffic.

3. SAME—CONTRIBUTORY NEGLIGENCE—PEDESTRIAN CROSSING STREET IN FRONT OF STOPPED BUS.

In action by pedestrian injured after he had taken several steps across busy street in front of stopped bus from which he had just alighted and which had stopped near center of street at a crosswalk but in a place where other traffic might properly pass around it to the left, plaintiff *held*, guilty of contributory negligence as a matter of law where he failed to look to left for traffic approaching from that direction, assumption that street was clear not being justified (1 Comp. Laws 1929, §§ 4693, 4707).

4. SAME—SUBSEQUENT NEGLIGENCE—EVIDENCE.

In action by pedestrian who had alighted from one bus, proceeded across busy street in front of it without looking for traffic from same direction and was struck by another bus which was lawfully passing stopped bus, while theory of subsequent negligence was neither pleaded nor brought to the attention of trial court and hence is not before Supreme Court, evidence would not justify submission of such question to jury.

Appeal from Wayne; Webster (Arthur), J. Submitted April 28, 1936. (Docket No. 80, Calendar No. 38,890.) Decided June 4, 1936.

Case by Sam Brodie against City of Detroit, a municipal corporation, Department of Street Railways, and William Locke for personal injuries sustained when hit by a bus while crossing a street. Directed verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*William Cohen* and *Morris Luskin* (*John Sklar,* of counsel), for plaintiff.

*Rodney Baxter* and *Wm. J. McBrearty* (*James S. Shields,* of counsel), for defendants.

FEAD, J. The question is whether the court erred in directing a verdict for defendants on the ground that plaintiff was guilty of contributory negligence as a matter of law.

Grace Hospital in Detroit is located on the east side of John R. street, which runs north and south and is a busy thoroughfare, with heavy motor vehicle traffic. Opposite the hospital is a nurses' home. A 10-foot traffic lane for pedestrians is marked across John R. street at that point, with "no parking" signs at the curb. From the north marker of the lane to Willis street on the north is estimated

at from 30 to 100 feet. John R. street is about 42 feet wide between curbs.

Plaintiff rode south on John R. street in a bus which stopped at the north edge of the pedestrian lane and alongside a parked car. This brought the left side of the bus close to the center of the street. Plaintiff disembarked, walked around the front of the bus to go east to the hospital, took four to six steps beyond the bus and was struck by another bus, belonging to the city and driven by defendant Locke, which came from the north, passed the standing bus at a distance from it of about a foot, and was traveling at estimated speed varying from 10 to 20 miles per hour.

Before plaintiff attempted to cross the street and while in front of the standing bus he looked to the right, south, saw approaching cars but they were far enough away to enable him to proceed. He did not look to the left or north at any time.

Behind the standing bus two or three more cars had stopped but plaintiff did not testify that he noticed them. He knew John R. street was a busy thoroughfare and that cars sometimes travel on the left side of the street to pass others. Locke saw plaintiff through the front windows of the standing bus just as he stepped out, swung to the left, attempted to stop, but said he could not avoid the accident. He also testified, and it is not denied, that plaintiff could have seen his bus before he stepped out in the open.

The place of the accident was not a street or highway intersection and, therefore, was not governed by laws [*] or ordinances prohibiting a vehicle from passing another going in the same direction at such intersections. *Filter* v. *Mohr, ante,* 230.

---

[*] See 1 Comp. Laws 1929, §§ 4693, 4707.—REPORTER.

The legal duty of pedestrians, about to cross streets, to look carefully for approaching traffic has been stated many times by this court. Plaintiff's contention is that he had no duty to watch for traffic on the wrong side of the street. *Siegel* v. *Detroit Cab Co.*, 246 Mich. 620. That case is readily distinguishable. It expressly confined the ruling to the circumstances of the case. There, the plaintiff had crossed beyond the center of the street and was struck by a car coming on the wrong side. There was no other traffic which would indicate a reason for expecting a car from that direction.

Here the plaintiff neglected the legal duty to look for traffic before he started to cross the street. He knew that vehicles passed others on the left side. It was lawful for them to do so. There was no legal duty of defendants not to pass the bus on the left side which justified plaintiff in assuming the street to the north was clear and in failing to look.

It is claimed, however, that plaintiff did not have an opportunity to look. Defendant driver testified that he drove within a foot of the other bus and, if plaintiff had stepped out a foot past the standing bus to look for approaching traffic from the north, he would have been struck by defendant's bus. This was a mere conclusion of defendant driver.

The fact is that plaintiff was not struck until he had taken several steps. Consequently he had time to take one step out to look and retreat. Moreover, the record is that the plaintiff had the opportunity to look to the north across the hood and also through the windows of the standing bus. If he had looked he would have seen the defendant's bus while he still was in a place of safety. We think the circumstances required the court to hold plaintiff guilty of contributory negligence as a matter of law. The

cases from other States, cited by plaintiff, do not discuss the effect of failing to look when the opportunity was present, as well as containing other distinguishing features.

Plaintiff now urges that the case should have been submitted to the jury upon the theory of subsequent negligence. The theory was not charged in the declaration nor brought to the attention of the court and, therefore, is not here for consideration. Moreover, we think the testimony would not have justified the submission of such question.

Affirmed, with costs.

NORTH, C. J., and WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and TOY, JJ., concurred. POTTER, J., took no part in this decision.