## YOUNG *v.* MARTINICH.

AUTOMOBILES—CROSSING STREET—CONTRIBUTORY NEGLIGENCE.

>Pedestrian who walked northerly and diagonally across village street in evening after looking twice in each direction and saw automobile lights 1,300 or 1,400 feet to east *held*, guilty of contributory negligence as a matter of law for failure to look again to east upon reaching center of street when he knew car was approaching, in action for injuries received when hit at northerly edge of street by defendant's car driven westerly at speed of 40 or 45 miles an hour.

FEAD, C. J., and BUSHNELL and SHARPE, JJ., dissenting.

Appeal from Berrien; Evans (Fremont), J. Submitted January 12, 1937. (Docket No. 92, Calendar No. 39,285.) Decided March 2, 1937.

Case by Fenton Young against Tom Martinich for personal injuries sustained when struck by defendant's automobile. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Willard J. Banyon* (*Gore, Harvey & Fisher,* of counsel), for plaintiff.

WIEST, J. The evening of March 14, 1934, as plaintiff, a man of mature years, was diagonally crossing an east and west street in the village of Millburg he was struck by defendant's automobile and injured. He brought this suit to recover damages and, upon trial by jury, the court directed a verdict for defendant, holding that under his testimony plaintiff was guilty of contributory negligence as a matter of law.

Plaintiff claims that his testimony presented an issue of fact for the jury, moved for and was denied a new trial and reviews by appeal.

Plaintiff was crossing the street from the south side to the north, walking in a northwesterly direction, and he testified that, before entering upon the pavement, he looked twice each way and saw an automobile light 1,300 or 1,400 feet away to the east; thought he could cross the road in safety and started across, diagonally, walking his usual gait, did not look again and was struck by defendant's car traveling at 40 or 45 miles per hour, just as he was about to step on the "tree lawn" on the north side of the street.

The circuit judge held, as a matter of law, that plaintiff was guilty of contributory negligence in not looking when he reached the center of the pavement and was about to enter the pathway of the known approaching car.

It is manifest that, had he so looked, he would have discovered the near approach of the car and have changed his mind about having time in which to cross in safety.

In point of law was it plaintiff's duty, when about to enter the pathway of the car he knew was approaching, to make observation of its position, or was he absolved from such duty by his previous observation and thought that the car was far enough away to require no further attention? Did his mistaken sense of safety, so easily corrected by the exercise of ordinary care, present an issue of fact for the jury? To so hold would subordinate the reasonable rule of duty to that of self-predetermination. It was plaintiff's duty, not only to take a view of traffic upon the street before attempting to cross but, when he reached the center of the street and was

about to enter the pathway of the car he knew was approaching, to make observation thereof while crossing and adapt his movements to accord with his own safety. Upon this general subject see *Halzle* v. *Hargreaves,* 233 Mich. 234; *Richardson* v. *Williams,* 249 Mich. 350; *Brodie* v. *City of Detroit,* 275 Mich. 626.

The judgment is affirmed, with costs to defendant.

NORTH, BUTZEL, POTTER, and CHANDLER, JJ., concurred with WIEST, J.

FEAD, C. J. (*dissenting*). In my opinion the question of plaintiff's contributory negligence was a matter of fact for the jury and the judgment should be reversed with new trial.

BUSHNELL and SHARPE, JJ., concurred with FEAD, C. J.