WELLS *v.* OLIVER.

1. APPEAL AND ERROR—DIRECTED VERDICT.
   On appeal from judgment on directed verdict for defendant at close of plaintiffs' proofs, plaintiffs' evidence is accorded the most favorable consideration.

2. AUTOMOBILES—CONTRIBUTORY NEGLIGENCE AS MATTER OF LAW—INTERSECTIONS—SECOND LOOK.
   Motorist whose view at midnight at intersection was limited to 200 feet to right when he was 30 feet from intersection curb *held,* guilty of negligence as a matter of law where he failed to take another look before proceeding to center of intersection beyond which his car was struck by defendant's car.

3. NEGLIGENCE—SUBSEQUENT NEGLIGENCE—LAST CLEAR CHANCE.
   Doctrines of subsequent negligence or last clear chance of defendant in actions for negligent injuries require confession of negligence on part of plaintiffs and discovery thereof by a defendant in time and with ability to avoid injury and failure to do so.

4. AUTOMOBILES—SUBSEQUENT NEGLIGENCE—LAST CLEAR CHANCE—EVIDENCE.
   In actions for injuries sustained in collision of automobiles at an intersection of city streets at midnight, the doctrines of subsequent negligence or last clear chance *held,* inapplicable under showing that plaintiffs' driver, who looked and had vision of 200 feet to right when 30 feet from intersection curb, entered intersection at 17 miles per hour and failed to look to right again until at middle of intersection when he saw defendant's car approaching at a high rate of speed and which skidded 41 feet before the collision.

Appeal from Saginaw; O'Neill (James E.), J. Submitted January 11, 1938. (Docket Nos. 102, 103,

Calendar Nos. 39,849, 39,850.) Decided February 24, 1938.

Separate actions of case by Bruce Wells and Louise Wells against George M. Oliver, Jr., for damages for personal injuries sustained in an automobile collision at an intersection. Cases consolidated for trial and appeal. Directed verdicts for defendant. Plaintiffs appeal. Affirmed.

*O'Keefe & O'Keefe* and *Nash & Nash,* for plaintiffs.

*Picard & Heilman,* for defendant.

WIEST, C. J. At the midnight hour of a July night in 1935, in the city of Saginaw, plaintiff Bruce Wells, accompanied by his wife, Louise Wells, while driving his automobile east on Johnson street, across the intersection of Second avenue, was, together with Mrs. Wells, injured when his car was struck by the automobile of defendant which approached from the south on Second avenue. The above suits were brought to recover damages for personal injuries and, for the purposes of trial, consolidated. The court, at the close of plaintiffs' proofs, directed verdicts for defendant on the ground of the contributory negligence of Mr. Wells as a matter of law and, under the rule of imputed negligence, that barred the action of Mrs. Wells.

Upon review plaintiffs contend that the issue of contributory negligence was for the jury.

Johnson street runs east and west, and Second avenue north and south. As Mr. Wells approached the intersection from the west on Johnson street he slowed his car, when about 30 feet from the intersection curb, and looked to the right, or south on Second

avenue, and testified that he saw no car approaching within the distance of 200 feet, that being the limit of his vision from that point and, after looking to the left, entered the intersection at a speed of about 17 miles per hour and, when at the middle of the intersection, looked again to his right and saw defendant's car approaching within 80 feet, at a high rate of speed, and it struck his car.

Upon this review we accord plaintiffs' evidence the most favorable consideration. If, as plaintiffs claim, their view to the right, from the point before entering the intersection, was restricted then Mr. Wells was guilty of negligence in not taking another look to his right when the view was enlarged and before proceeding to the center of the intersection. He was bound to observe and pay heed, while crossing, to traffic approaching the intersection from his right, and the fact that defendant's car was traveling at a high rate of speed and skidded about 41 feet before the collision had no bearing upon plaintiffs' failure to look to the right while crossing the intersection. When plaintiffs' car was at the point of entering the intersection the view on Second avenue was open so that, had a look been then taken, defendant's car could have been seen and the collision avoided, as Mr. Wells testified that he could have stopped his car within three or four feet.

The court was not in error in holding Mr. Wells guilty of contributory negligence.

The rule of law applicable to the case has been stated in *Halzle* v. *Hargreaves*, 233 Mich. 234; *Richardson* v. *Williams*, 249 Mich. 350; *Kerr* v. *Hayes*, 250 Mich. 19; *McKelvey* v. *Hill*, 259 Mich. 16; *Brodie* v. *City of Detroit*, 275 Mich. 626; *Young* v. *Martinich*, 279 Mich. 267; *DeCoopman* v. *Hammond*, 279 Mich. 619.

Peculiar and distracting circumstances set forth in *Scurlock* v. *Peglow,* 263 Mich. 658, distinguish that case.

Counsel for plaintiffs also contend that, regardless of plaintiffs' negligence, they had a right to go to the jury under the doctrine of subsequent negligence of defendant or last clear chance.

That doctrine requires confession of negligence on the part of a plaintiff and discovery thereof by a defendant in time and with ability to avoid injury and failure to do so. Plaintiffs have not, by their testimony, disclosed any such case.

The judgments are affirmed, with costs to defendant.

BUTZEL, BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.