## LODATO *v.* CAMPBELL.

AUTOMOBILES—INTERSECTIONS—CONTRIBUTORY NEGLIGENCE—FAILURE
TO MAKE SECOND OBSERVATION OF APPROACHING CAR.

> In action arising out of collision between plaintiff's car, being
> driven south on cross road, and defendants' car, being driven
> westerly in north lane of superhighway paved to width of 40
> feet, plaintiff *held,* guilty of contributory negligence as a mat-
> ter of law where, after having stopped before attempting to
> cross the icy, slippery road and having observed defendants'
> car approaching about 500 feet away at a speed he was unable
> to estimate, he proceeded at 7 to 8 miles an hour without again
> making observation of known, rapidly changing condition until
> defendants' car was about 20 feet away, too late to avoid the
> crash.

Appeal from Oakland; Doty (Frank L.), J. Sub-
mitted January 11, 1938. (Docket No. 85, Calendar
No. 39,841.) Decided April 6, 1938.

Case by Walter S. Lodato against Willard and
Merle Campbell for personal injuries sustained in a
collision of automobiles at an intersection. Cross-
declaration of defendants against plaintiff for dam-
age sustained by automobile. Verdict for plaintiff.
Judgment for defendants *non obstante veredicto.*
Plaintiff appeals. Affirmed.

*Glenn H. Leland* and *Donald F. Welday,* for plain-
tiff.

*Archie G. Leonard,* for defendants.

WIEST, C. J. The afternoon of February 11, 1936,
at the intersection of Grand River avenue and Ink-

ster road, there was a collision between the automobiles of plaintiff and defendants.

The negligence of defendants was conceded. The court reserved decision on the motion of defendants for a directed verdict on the ground that plaintiff was guilty of contributory negligence and left such issue to the jury. The jury returned a verdict in favor of plaintiff. The court, notwithstanding the verdict, found plaintiff guilty, under his own testimony, of contributory negligence as a matter of law and entered judgment for defendants.

Grand River avenue, at the point in question, is a super-highway, with a pavement 40 feet wide on each side of a park center. Inkster road is a 40-foot gravel highway. The highways cross; Grand River avenue running slightly northwesterly and southeasterly, and Inkster road north and south. At the time of the collision the roads were covered with ice and very slippery.

Plaintiff stopped his car on Inkster road at the north edge of the Grand River avenue pavement, over which westbound traffic was to be looked for, and claims he looked to his left and saw defendants' car approaching from that direction, at a distance of about 500 feet and, without being able to estimate its speed, he thought he had time to cross in safety, so put his car in motion at a speed of from 7 to 8 miles per hour, and proceeded to cross the northerly lane of Grand River avenue, over which defendants' car was approaching. When about in the middle of that lane he again looked and saw defendants' car "Looming right towards" him, and he "tried to step on it. I gave it the gas in an effort to go ahead," and was nearly across when the crash came. Plaintiff failed to take a second look until the approaching car was about 20 feet away.

Plaintiff testified:

"The pavement was awful icy and in bad condition, very slippery. There was no sign of any cinders or gravel. The pavement on Inkster road at the intersection was all slippery. I did not have any trouble getting my car across Grand River avenue because it is a little down grade and gave me a start. * * * I couldn't tell when I first saw the Plymouth automobile at what speed it was traveling. He was so far away I couldn't tell the speed he was coming, but when he got close to me I could tell he was coming at an awful rate of speed. I absolutely believed that I had every opportunity to get across the street, and naturally assumed that the Plymouth automobile when he saw me would slacken his speed because everybody on an icy pavement would naturally go careful. You couldn't go any speed and control a car. * * * I knew this car was coming and that the surface was icy. I drove out into this intersection because I took it for granted I had plenty of time if he were going at a moderate rate of.speed. I was aware that this was an icy surface when I drove out. It was icy all over. I drove my car out when I saw the car coming in motion."

Plaintiff's thought that he could cross ahead of the approaching car did not relieve him from testing the accuracy thereof by subsequent observation of the known rapidly changing condition upon the icy roads.

Plaintiff was guilty of contributory negligence as a matter of law. *Halzle* v. *Hargreaves,* 233 Mich. 234; *Richardson* v. *Williams,* 249 Mich. 350; *Kerr* v. *Hayes,* 250 Mich. 19; *McKelvey* v. *Hill,* 259 Mich. 16; *Brodie* v. *City of Detroit,* 275 Mich. 626; *Young* v. *Martinich,* 279 Mich. 267; *DeCoopman* v. *Hammond,* 279 Mich. 619.

The judgment is affirmed, with costs to defendants.

BUTZEL, BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and MCALLISTER, JJ., concurred.