CAREY *v.* DE ROSE.

1. AUTOMOBILES—INTERSECTIONS—OBSERVATION.
   A motorist must look before entering a place of possible danger, such as crossing an intersection, and maintain observation while crossing.

2. SAME—DRIVER HELD TO HAVE SEEN WHAT SHE SHOULD HAVE SEEN.
   Automobile driver who failed to see car approaching on intersecting highway when there was nothing to prevent her seeing it, and drove across, and had a collision, is guilty of contributory negligence, although she stopped and looked, since she must be held to have seen what she should have seen.

3. SAME—CONTRIBUTORY NEGLIGENCE—JUDGMENT NOTWITHSTANDING
VERDICT.

In action for damages resulting from automobile collision at
intersection of trunkline highway and crossroad, where evi-
dence showed that driver of car in which plaintiff's decedent
was riding stopped a car length and a half south of fence on
south side of trunkline highway, had clear view to east, claimed
to have looked and to have seen nothing in easterly direction
from which defendant approached and proceeded nearly across
intersection before again making observation in that direction
at moment of impact, driver was guilty of contributory negli-
gence, imputable to decedent, as a matter of law and therefore
trial court properly rendered judgment for defendant motorist
notwithstanding verdict for plaintiff.

SHARPE, J., dissenting.

Appeal from Ingham; Carr (Leland W.), J. Sub-
mitted June 8, 1938. (Docket No. 36, Calendar No.
40,034.) Decided November 10, 1938.

Case by Pauline Carey, administratrix of the es-
tate of James W. Carey, deceased, against Frank
De Rose for damages caused by death of plaintiff's
decedent in an automobile collision. Verdict for
plaintiff. Judgment for defendant *non obstante
veredicto*. Plaintiff appeals. Affirmed.

*Linsey, Shivel, Phelps & Vander Wal (Phil R.
Johnson, of counsel)*, for plaintiff.

*Kelley, Sessions, Warner & Eger*, for defendant.

WIEST, C. J. The judgment should be affirmed.

Mrs. Carey, driver of the car in which the deceased
was riding, according to her own version, looked
before entering the intersection, had an extended
view, saw no car approaching and without any dis-
tracting circumstances and without further observa-
tion entered the intersection and her car was struck.

Mrs. Carey testified:

"I stopped my car about a car length and a half to the south of the fence on the south side of the road.   *   *   *

"The front end of my car was 18 to 20 feet south of the fence on the south side of the road.  At that time I had an unobstructed view to my right of the trunkline highway.  I could see to the top of the hill that was east.   *   *   *

"*Q.* How far was it in the intersection when you looked the last time?

"*A.* It was back where I stopped.

"*Q.* So the last time you looked to your right, that was just before you started up, or just while you were starting up?

"*A.* Yes.

"*Q.* You did not look again until the impact of the cars?

"*A.* No, because there was not anything in sight.

"*Q.* I say you did not look again until the accident occurred.

"*A.* No."

We have repeatedly held that one must look before entering a place of possible danger, such as crossing an intersection, and maintain observation while crossing.

Mr. Justice SHARPE, in writing the opinion of the court in *Knight* v. *Merignac,* 281 Mich. 684, quoted, with approval, the following from *Zuidema* v. *Bekkering,* 256 Mich. 327:

"It will not do to say that plaintiff's husband looked down the Byron Center Road to the left before attempting to cross the pavement and did not see the automobile of defendant approaching.  He must be held to have seen what he should have seen, which there was nothing to prevent him from seeing, and if, as contended by plaintiff, he stopped his automobile, looked to the left, and did not see what was plainly to be seen, the approach of defendant's auto-

mobile, he was guilty of contributory negligence which would bar plaintiff's recovery."

In *Brown* v. *Lilli,* 281 Mich. 170, Mr. Justice Chandler, in writing the opinion, said:

"The accident occurred in the daytime and the facts display nothing to indicate that plaintiff could not have seen defendant's approaching automobile had she made proper observation before attempting to cross the pavement. On the contrary, it stands undisputed that she could have had a clear unobstructed view of the road and could have seen defendant for a distance of 1,215 feet. Although she testified that she did look and saw nothing, if she looked and failed to see that which was plainly visible, she will be held in point of law to have seen it and guilty of contributory negligence. *Molda* v. *Clark,* 236 Mich. 277; *Neeb* v. *Jacobson,* 245 Mich. 678."

In *Kok* v. *Lattin,* 261 Mich. 362, it was said:

"Had the defendant looked he could have seen the plaintiff before and when he entered the intersection. Had the plaintiff looked he would have seen the defendant in time to have avoided the collision. He testified that he did look and saw no car approaching. His testimony in this respect is contrary to the physical facts. As his view was unobstructed and the defendant's car was there in plain sight, it must be held that he did not look. If he had looked, he would have seen what was there to be seen. The two cars reached the intersection at about the same time. If either had looked, he could have avoided the accident. Failure to look was negligence. The undisputed material facts left no question of fact for the jury."

See, also, *Halzle* v. *Hargreaves,* 233 Mich. 234; *Richardson* v. *Williams,* 249 Mich. 350; *Kerr* v. *Hayes,* 250 Mich. 19; *McKelvey* v. *Hill,* 259 Mich. 16;

*Brodie* v. *City of Detroit,* 275 Mich. 626; *Young* v. *Martinich,* 279 Mich. 267; *DeCoopman* v. *Hammond,* 279 Mich. 619; *Wells* v. *Oliver,* 283 Mich. 168; *Slingerland* v. *Snell,* 283 Mich. 524.

Had Mrs. Carey looked while crossing the intersection it is manifest that she would have seen the approaching car in ample time to have avoided the collision. If defendant's negligence and Mrs. Carey's want of reasonable care occasioned the collision, then, under the law of imputed negligence, there can be no recovery in behalf of decedent's estate. The unquestioned carelessness of Mrs. Carey was a question of law and not for consideration of the jury.

BUSHNELL, POTTER, CHANDLER, and NORTH, JJ., concurred with WIEST, C. J.

SHARPE, J. (*dissenting*). Plaintiff, Pauline Carey, brought this action as administratrix of the estate of her husband, James W. Carey, deceased, to recover damages under the survival act (3 Comp. Laws 1929, §14040 [Stat. Ann. § 27.684]) for death of deceased resulting from an automobile collision at an intersection of a country highway in Kent county and M-114 on October 9, 1935, at about 4:30 p. m.

Pauline Carey, driving a 1930 Ford coupe, was traveling in a northerly direction on a gravel road 18 feet wide which intersects at right angles with M-114, another gravel road 30 to 35 feet wide. Mrs. Carey and her stepson were riding in the front seat and her husband, decedent, was in the rumble seat.

When Mrs. Carey drove up to the intersection she came to a full stop about a car length and a half south of the fence on the south side of M-114, which fence is 12 feet from the southerly edge of M-114. She looked to the east, then to the west and then to

the east again. At the place where Mrs. Carey stopped her car she had an unobstructed view to the east to the top of a hill, a distance of approximately 1,175 feet. She saw no cars. She then shifted into low gear and proceeded to cross the highway. During her progress across the highway, she shifted the car into second gear and was substantially across the highway when struck by defendant's car which was approaching from the east.

Defendant was driving an eight-cylinder Auburn car equipped with four-wheel brakes. As a result of the collision the cars ended up in the northwest corner of the intersection after each car had overturned several times. James W. Carey was severely injured and lived but a few minutes after the accident. Defendant's car struck the Carey car on the right hand side between the door and back end of the car.

When the cause was tried and at the close of plaintiff's proofs, defendant made a motion for a directed verdict on the ground that Mrs. Carey was guilty of contributory negligence. The motion was taken under advisement under the authority contained in 3 Comp. Laws 1929, § 14531 (Stat. Ann. § 27.1461). The jury returned a verdict for plaintiff. Subsequently, the trial court granted defendant's motion. Plaintiff appeals.

Defendant contends that Mrs. Carey in attempting to cross a trunkline highway without making proper observations for automobiles approaching the intersection was guilty of contributory negligence and relies upon *Smith* v. *Wassink*, 262 Mich. 639; *Knight* v. *Merignac*, 281 Mich. 684; *Wells* v. *Oliver*, 283 Mich. 168.

In our discussion of this case we have in mind that the testimony must be viewed in a light most

favorable to plaintiff. In view of this situation, we accept as a fact that when Mrs. Carey approached the intersection she stopped her car approximately 30 feet south of the south line of M-114; that she looked to the east, then to the west and then to the east; that the distance she could see toward the east was 1,175 feet; that the distance she would have to travel in order to get across the highway was between 60 and 70 feet; that she started her car in low gear, changed to second gear and had proceeded to a distance of approximately 60 feet; that she gradually accelerated her speed from the starting point and finally attained a speed of eight miles per hour when the collision occurred; that she did not look to the right as she entered the traveled portion of the highway; that she did not see defendant's car before the impact; that her car turned over and rolled some distance in a northwesterly direction.

It is well known that if Mrs. Carey is to be declared guilty of contributory negligence as a matter of law the proofs must be made plain, *Frary* v. *Grand Rapids Taxicab Co.,* 227 Mich. 445; that a state of facts will not be deemed negligence as a matter of law if reasonable minds differ upon it, *Adams* v. *Canfield,* 263 Mich. 666; and that no hard and fast rule exists that speed or statutory right of way is determinative of negligence as a matter of law. Each driver must use such care as is commensurate with obvious conditions. *Bugbee* v. *Fowle,* 277 Mich. 485.

In *Wallace* v. *Rosenfeld,* 285 Mich. 204, plaintiff, traveling east on a highway, reached a point and stopped 7 or 8 feet east of the pavement on US-31. The driver of the car looked both ways, waited for cars to pass on US-31 and then entered the main highway. US-31 is a four-lane highway and the driver of plaintiff's car was able to get the front

of his car into the third lane from the west on US-31 when the collision occurred. As the driver of plaintiff's car entered the concrete highway, defendant's car was a distance of about 528 feet away from the intersection approaching at a speed of 70 or 80 miles per hour. We there held that it was a question of fact whether the driver of plaintiff's car was guilty of contributory negligence which would bar recovery.

In the case at bar the facts are similar to those in the *Wallace Case* except that the distance Mrs. Carey had to travel to reach a place of safety at the time she looked to the east was between 60 and 70 feet while defendant had to travel a distance of 1,175 feet. If we charge Mrs. Carey with the duty of looking for cars as she entered the traveled portion of the east and west highway, then we find that she then had a distance of 30 to 40 feet to travel in order to reach a place of safety; and at this point, the record sustains a finding that defendant traveling at an even rate of speed until he reached a point 250 feet from the intersection, would have traveled approximately one half the distance to the intersection. We would then have a condition where Mrs. Carey attempted to cross a highway and travel a distance of 30 to 40 feet while defendant was approximately 600 feet away.

For other cases upon this subject see: *Lindzy* v. *Swaab,* 263 Mich. 264; *Adams* v. *Canfield, supra; Parker* v. *England,* 266 Mich. 467; *Izzo* v. *Weiss,* 270 Mich. 372; *Thompson* v. *Michigan Cab Co.,* 279 Mich. 370; *Pulford* v. *Mouw,* 279 Mich. 376.

Under either condition we think that reasonable minds might differ upon the question of whether Mrs. Carey was guilty of contributory negligence.

The next question presented is whether there was any negligence upon the part of defendant. The

cause was submitted to a jury and they so found. The record sustains such a finding.

The judgment of the trial court should be reversed and judgment should be entered therein in the amount determined by the jury. Plaintiff may recover costs.

BUTZEL, J., took no part in this decision. MC-ALLISTER, J., did not sit.