SCHUCKERT *v.* BERDAN BREAD CO.

1. AUTOMOBILES—CONTRIBUTORY NEGLIGENCE AS MATTER OF LAW—INTERSECTIONS—THROUGH HIGHWAYS.

   Motorist who had stopped about six feet west of pavement of through highway upon which he had a view for 1,100 feet to the right *held*, guilty of negligence as a matter of law in proceeding slowly onto pavement in front of defendant's northbound truck, in action arising out of collision which took place as car was crossing east lane of through highway on which truck was operated, where plaintiff's view was not obstructed in either direction and it does not appear he made further observation to right after having stopped in a place of safety.

2. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—IMPUTED NEGLIGENCE.

   The contributory negligence of the driver of car in which plaintiff's decedent was riding would bar recovery by plaintiff since such negligence would be imputed to her decedent.

Appeal from Bay; McCormick (James L.), J. Submitted April 10, 1941. (Docket No. 49, Calendar No. 41,292.) Decided June 30, 1941.

Case by Belle Schuckert, executrix of the estate of Betsey Elsholz, deceased, against Berdan Bread

Function of court and jury on question of contributory negligence, see 2 Restatement, Torts, § 476.

Standard of conduct required of plaintiff, see 2 Restatement, Torts, § 289 and comment (e) and § 475.

Company, a corporation, for fatal injuries to plaintiff's decedent in an automobile collision. Verdict for plaintiff. Judgment for defendant *non obstante veredicto*. Plaintiff appeals. Affirmed.

*Crane & Crane*, for plaintiff.

*Arthur J. Kinnane*, for defendant.

Boyles, J. Plaintiff's decedent died as the result of a collision between an automobile in which she was riding as a guest passenger and a truck owned by defendant and being driven by its employee with defendant's knowledge and consent. The truck driver was instantly killed in the collision. Plaintiff had verdict by jury and on motion the court entered judgment for defendant *non obstante veredicto*, on the ground that plaintiff's decedent's driver was guilty of contributory negligence as a matter of law. This is the only question in the case. We view the testimony in the light most favorable to plaintiff:

The accident occurred about 4 o'clock in the afternoon, March 3, 1938, at the intersection of Wadsworth road and trunk line M-24 in Saginaw county. The weather was clear, plaintiff's decedent's driver was using a new car in perfect condition, there was no snow or ice on the highway. Plaintiff's decedent was riding on the front seat of the sedan at the right of the driver. The sedan was being driven east on Wadsworth road, a blacktop tarvia county highway which intersects M-24, a paved north and south trunk line, at right angles. As the driver approached the intersection, traveling east on Wadsworth road, he observed a warning "slow" sign, passed it at 20 or 25 miles per hour, and slowed down as he approached a "stop" sign which was

about 40 feet west of the intersecting pavement on M-24. The driver testified he stopped completely at or near the stop sign at a point which he described as about six feet west of the pavement on M-24. At this point, he looked to his right—south—then looked to the north, and saw no vehicle in sight on M-24. He testified that at this point he could see to the south "to the turn in the road about 600 to 700 feet or better." There were no obstructions to a clear view in either direction. On this question of view, two disinterested witnesses who later made measurements with a steel tape testified that from a point on Wadsworth road six feet west of the pavement there was an unobstructed view of vehicles approaching from the south on M-24 for at least 1,100 feet, at which point the view became obstructed by a gradual curve. The driver started his car in low gear, looking to the right and left as he did so, and, in answer to a question whether he looked to the south again after starting to proceed in low gear, he testified as follows:

"*A.* When I first stopped, I looked and when I started to proceed in low gear I looked but after I had gotten on to the highway I don't believe I looked again, my attention was forward.

"*Q.* Then it is true, is it not, that between the time you looked when you were about 6 feet from the pavement and the time you looked when the truck was about 25 feet from you, you did not look to the right?

"*A.* Well, it is possible I might have progressed those 6 feet with a look and then proceeded across and no further look until I was attracted by the truck coming.

"My attention was forward."

He proceeded to cross the pavement in low gear at four or five miles per hour, testifying that he could have stopped his car ''almost instantly * * * practically could have stopped on a dime.'' Defendant's truck was approaching from the south, traveling north in the east lane of M-24. The speed of the truck was limited by a governor which did not allow the truck to travel faster than 45 miles per hour. The pavement was about 20 feet wide, marked by a center line. Plaintiff's decedent's driver did not see the truck until it was practically upon him. On direct examination he testified that he was across and off from the pavement when the collision occurred. On cross-examination he admitted that at least the rear or trunk part of his car was still on the pavement. On the day of the accident he made the following statement in writing to the prosecuting attorney:

''I proceeded to the through highway and stopped, looked both ways before starting and saw nothing; nothing there to obstruct my vision; a truck came from my right; it was daylight; the truck was almost on top of me before I saw it. I was about two-thirds of the way across the intersection at that time. I don't know how fast the truck was going, as I didn't have long enough time to judge. I was going in first gear and not going over 10 miles an hour. *I was in the east lane of the through highway when the collision occurred.*''

At the trial he testified that when he told the prosecuting attorney he was in the east lane of the through highway when the collision occurred he was telling the truth as best he knew. On redirect examination he testified that the trunk part of his car was still on the east side of the paved highway. There was a filling station at the southeast corner

of the intersection. A disinterested witness who saw the actual collision from a window of the filling station testified that when the collision occurred, the rear end of the sedan was just about on the black line in the center of M-24. A passenger on defendant's truck who was riding with the driver testified that a split second before the collision occurred the truck driver exerted his strength trying to turn the truck to the right but that it did not seem to turn at all, that it seemed to stay going straight ahead, that the front wheels must have been just entering the tarvia because it wasn't any farther; and that the collision occurred in the east lane of M-24. The skid marks and the location of the sedan and truck after the collision are not inconsistent with the conclusion that the accident occurred in the east lane of the pavement on M-24. The car was in the ditch north of Wadsworth road resting in part on the shoulder of M-24, and the truck rested on its side near the same position.

From the foregoing it is apparent that plaintiff's decedent's driver was guilty of contributory negligence as a matter of law in starting up his car from a point of safety and attempting to cross the pavement without making further observation to his right. Had he looked again he would have seen defendant's truck in plain sight approaching from the south when he entered the pavement. No vehicle was approaching from the north to prevent his stopping. However, plaintiff's counsel claim that the driver of defendant's truck turned the truck from its northerly course to an easterly direction prior to entering the intersection and struck the sedan on Wadsworth road after it had completely passed through the paved portion of the intersection. In their brief counsel claim that the truck

driver turned off the pavement to the east and followed decedent's car on to Wadsworth road until the truck collided with it. If true, this would indicate that plaintiff's decedent's driver had time to cross the intersection ahead of the approaching truck. Passing the question as to whether the truck driver in an emergency acted as a reasonable driver would act in turning his front wheels to the right, attempting to avoid a collision, the fact remains that the testimony of plaintiff's decedent's driver does not bear out this contention of counsel for plaintiff. His own testimony, plus that of several other witnesses, and the physical conditions after the accident unquestionably indicate that the accident occurred in the east lane of M-24.

Except for the claim that the collision occurred after plaintiff's decedent's driver had completely crossed the pavement, his contributory negligence in failing to make proper observation for traffic approaching from the south would bar recovery, and was settled by the jury in its answer to a special question. The court submitted the following special question to the jury:

"When plaintiff's driver was approximately six feet west of the paved portion of highway M-24, did he have an unobstructed view of vehicles approaching from the south on M-24 for approximately 1,100 feet?"

In instructing the jury, the court explained this question as follows:

"Could the driver, where he stopped about six feet west of the paved portion of the highway, have an unobstructed view of vehicles approaching from the south on M-24 for approximately 1,100 feet?"

The jury answered this question in the affirmative.

Plaintiff's decedent's driver was guilty of contributory negligence as a matter of law, and this is

imputed to plaintiff's decedent. *Carey* v. *DeRose,* 286 Mich. 321.

Judgment affirmed, with costs to appellee.

SHARPE, C. J., and BUSHNELL, CHANDLER, NORTH, WIEST, and BUTZEL, JJ., concurred. MCALLISTER, J., took no part in this decision.