RECTOR *v.* CLARK.

Automobiles—Contributory Negligence—Intersections.

Westbound motorist, as a matter of law, was not exercising reasonable care to avoid an accident in crossing a dangerous intersection with which he was familiar when he "took it for granted there was no car coming" from north, a direction in which his view was obstructed by a house on northeast corner of intersection, where he did not have the right-of-way.

Appeal from Ingham; Hayden (Charles H.), J. Submitted October 14, 1955. (Docket No. 91, Calendar No. 46,558.) Decided December 28, 1955.

Case by Albert C. Rector and Motorists Mutual Insurance Company, subrogee, against Wayne E. Clark for damages resulting from automobile collision at street intersection. Judgment *non obstante veredicto* for defendant. Plaintiffs appeal. Affirmed.

*Sinas, Dramis & Brake (Lee C. Dramis,* of counsel), for plaintiffs.

*MacLean & Seaman,* for defendant.

Kelly, J. Automobiles owned and operated by plaintiff Rector and defendant Clark collided at the intersection of Genesee and Deerfield streets, Lansing township, Ingham county, Michigan.

References for Points in Headnotes

5 Am Jur, Automobiles § 168.
Right-of-way at street or highway intersections. 21 ALR 974; 37 ALR 493; 47 ALR 595.

Plaintiff Motorists Mutual Insurance Company carried a $50 deductible collision insurance policy on Rector's automobile, and paid $783.92 for cost of repairing same. Plaintiff Rector paid the $50, and this suit for damages was brought by both plaintiffs for $833.92. The jury returned a verdict awarding damages to both plaintiffs in amounts as set forth above. The court set the verdict aside because of the contributory negligence of plaintiff, and entered judgment of no cause for action.

At approximately 2:25 p.m. on October 5, 1953, in a partly rural district, plaintiff drove west on Genesee street, the defendant south on Deerfield, both gravel streets, and each approximately 22 feet wide.

A house is located on the northeast corner of the intersection partially obscuring the vision of drivers of vehicles approaching the intersection.

Plaintiff testified that at a distance of 75 or 80 feet from the center of the intersection he looked to his right and that "I couldn't see for a long way down the street, and I figured at that speed I had plenty of time to get across the street. I took it for granted there was no car coming."

He then looked to his left as he traveled west toward the intersection, and when 30 feet from the center of the intersection he again looked to his right, and he testified: "There was a car coming, buzzing right along there, and he was awfully close to the intersection."

Plaintiff skidded 17 to 18 feet after applying his brakes and he struck defendant's car broadside at about the driver's door. The deputy sheriff testified that when he arrived he "found one car (defendant's) * * * south of the intersection of Deerfield and Genesee headed in a northerly direction. The other car (plaintiff's) was headed southwest, on an angle, right at the intersection."

Defendant admitted he drove 40 to 45 miles per hour on the left of the center of the road, and that he did not try to stop as he crossed the intersection because he thought he was on a through street and that plaintiff was traveling on a stop street.

The fact that plaintiff's view to his right was restricted and that he could not see "for a long way down the street" did not excuse plaintiff from exercising reasonable care to avoid an accident in crossing the intersection.

In *Wells* v. *Oliver,* 283 Mich 168, this Court said:

"If, as plaintiffs claim, their view to the right, from the point before entering the intersection, was restricted then Mr. Wells was guilty of negligence in not taking another look to his right when the view was enlarged and before proceeding to the center of the intersection."

The plaintiff was not exercising proper care in taking "it for granted there was no car coming" toward the intersection.

Plaintiff did not have the right-of-way. He endeavors to excuse his actions by stating in his brief: "Had defendant been on the right side of the road, there might have been no collision." The fact that the accident "might" not have happened if defendant had driven on the right side of the road, does not excuse plaintiff from exercising proper care.

The record justifies the trial court's finding that the plaintiff was familiar with the intersection and recognized it as a dangerous corner. The plaintiff was guilty of contributory negligence.

Affirmed, costs to appellee.

Carr, C. J., and Butzel, Smith, Sharpe, Boyles, Reid, and Dethmers, JJ., concurred.